B104 (FORM 104) (08/07)                                                                                           EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Karen Foster | **DEFENDANTS**<br>Eugene Wingfield, Clerk of the Circuit Court of the City of Lynchburg, Virginia |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Gary M. Bowman<br>2728 Colonial Ave., Ste. 100<br>Roanoke, VA   24015  (540) 343-1173 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Turn-over to the debtor-in-possession $20,000.00 held by defendant, Wingfield, as surety for the benefit of defendant John L. Wynne

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **Turn-over $20,000.00** |

**Other Relief Sought**

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Karen M. Foster | BANKRUPTCY CASE NO.<br>12-60619 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISION OFFICE<br>Lynchburg || NAME OF JUDGE<br>Judge Anderson |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* ||||
| DATE<br>April 4, 2012 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gary M. Bowman ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Lynchburg Division

| | |
|---|---|
| In re:<br><br>KAREN FOSTER,<br><br>    Debtor. | Chapter 11<br><br>Case No. 12-60619 |
| KAREN FOSTER,<br><br>    Plaintiff,<br><br>v.<br><br>EUGENE WINGFIELD, Clerk of the Circuit Court of the City of Lynchburg, Virginia,<br><br>and<br><br>JOHN L. WYNNE,<br><br>    Defendants. | Adversary Proceeding<br><br>No. 12-_____ |

## COMPLAINT

COMES NOW the debtor-in-possession, by counsel, who requests that this Court require the defendant Eugene Wingfield, the Clerk of the Circuit Court of the City of Lynchburg, Virginia, to turnover to the debtor-in-possession $20,000.00 held by defendant Wingfield as surety for the benefit of defendant John L. Wynne.

### PERSONAL JURISDICTION

1. The plaintiff, Karen Foster, is a citizen of Lynchburg, Virginia.

1

2. The defendant, Eugene Wingfield, is the Clerk of the Circuit Court of Lynchburg, Virginia.

3. The defendant, John L. Wynne, is a citizen of Lynchburg, Virginia.

### SUBJECT MATTER JURISDICTION

4. The plaintiff filed a Chapter 11 petition in this Court on March 15, 2012.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 because this is a matter arising in bankruptcy.

6. This is a core proceeding because it is an recover property of the estate.

### STATEMENT OF FACTS

7. The defendant John L. Wynne filed Case No. CL10004795-00 in the Circuit Court of the City of Lynchburg to eject the debtor-in-possession from real property at 2232 Ridgewood Drive, Lynchburg, Virginia.

8. The plaintiff, who is now the debtor-in-possession, filed Case No. CL10005362-00 in the Circuit Court of the City of Lynchburg alleging that defendant Wynne's conduct, and the conduct of Peter Sackett, the attorney who conducted the foreclosure sale, was invalid.

9. Prior to the filing of the petition, the Lynchburg Circuit Court issued an Order allowing the plaintiff (now debtor-in-possession) to remain in possession of the premises at 2232 Ridgewood Drive, but required her to post a surety bond with defendant Wingfield as security for any rent obligation due from

the debtor-in-possession to Wynne while she remained in possession of the 2232 Ridgewood Drive.

10. At the time of the filing of the petition, defendant Wingfield was in possession of $20,000.00 which the plaintiff (now debtor-in-possession) posted as surety.

CLAIMS FOR RELIEF

COUNT ONE
(TURNOVER BY A CUSTODIAN PURSUANT TO 11 U.S.C. § 543)

11. The allegations of paragraph 1-10 are adopted herein.

12. The $20,000.00 cash is being held by defendant Wingfield as custodian.

13. The cash was paid to defendant Wingfield by the plaintiff (now debtor-in-possession).

14. Title to the cash has not vested in defendant Wingfield. He is a custodian of the cash as described in 11 U.S.C. § 543.

15. Title to the cash has not vested in defendant Wynne.

16. The cash is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

17. The debtor-in-possession made demand upon defendant Wingfield for turnover of the cash. Wingfield failed to respond to the demand for turnover.

WHERFORE the debtor-in-possession prays that this Court will enter an Order pursuant to 11 U.S.C. § 543, to require defendant Wingfield to:

(a) deliver to the debtor-in-possession the cash held by him, posted as surety by the debtor-in-possession, in Case Numbers CL10004795-00 and CL10005362-00, as required by 11 U.S.C.

§ 543(b)(1);

    (b) file an accounting of the property of the debtor-in-possession as required by 11 U.S.C. § 543(b)(2).

                            Respectfully Submitted,

                            KAREN FOSTER

                            By: _____

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Avenue, Ste. 100
Roanoke   VA   24011
Tel: (540) 343-1173
Fax: (540) 774-0063

4