FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br><br> KAREN FOSTER | **DEFENDANTS** <br><br> JOHN WYNNE |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> GARY M. BOWMAN, 2728 COLONIAL AVE., STE. 100, ROANOKE VA 24015 <br> TEL: (540) 343-1173 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> [X] Debtor   [ ] U.S. Trustee/Bankruptcy Admin <br> [ ] Creditor   [X] Other <br> [ ] Trustee | **PARTY** (Check One Box Only) <br> [ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin <br> [X] Creditor   [ ] Other <br> [ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

CLAIM FOR POSSESSION OF PROPERTY/UNLAWFUL DETAINER/COUNTER-CLAIM FOR UNLAWFUL FORECLOSURE

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| [ ] 11-Recovery of money/property - §542 turnover of property | [ ] 61-Dischargeability - §523(a)(5), domestic support |
| [ ] 12-Recovery of money/property - §547 preference | [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury |
| [X] 13-Recovery of money/property - §548 fraudulent transfer | [ ] 63-Dischargeability - §523(a)(8), student loan |
| [ ] 14-Recovery of money/property - other **VA. CODE §§44.55-30,55-81** | [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | [ ] 65-Dischargeability - other |
| [ ] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | [ ] 71-Injunctive relief - reinstatement of stay |
| [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h) | [ ] 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| [ ] 41-Objection / revocation of discharge - §727(c),(d),(e) | [ ] 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| [ ] 51-Revocation of confirmation | [ ] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | [ ] 01-Determination of removed claim or cause |
| [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** <br> [ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny <br> **(continued next column)** | [X] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| [X] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
| [ ] Check if a jury trial is demanded in complaint | Demand $ **AVOID LIEN / $0** |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>KAREN FOSTER | | BANKRUPTCY CASE NO.<br>12-60619 |
| DISTRICT IN WHICH CASE IS PENDING<br>W. D. Va. | DIVISIONAL OFFICE<br>LYNCHBURG | NAME OF JUDGE<br>ANDERSON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ signature* | | |
| DATE<br>11 APRIL 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>GARY M. BOWMAN, ATTORNEY AT LAW, VSB 28866 | |

[Print Form]

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Lynchburg Division

| | |
|---|---|
| In re:<br><br>KAREN FOSTER,<br><br>    Debtor. | Chapter 11<br><br>Case No. 12-60619 |
| KAREN FOSTER,<br><br>    Movant,<br><br>v.<br><br>JOHN WYNNE,<br><br>    Debtor. | A.P. No. _____ |

VERIFIED COMPLAINT

COMES NOW Karen Foster, the debtor-in-possession, by counsel, who hereby moves this Court to: (1) declare that the Note dated August 23, 2006 (attached to this Complaint as Exhibit A) is void; and (2) declare as void, ar alternatively to avoid, the Trustee's Deed dated September 25, 2008, which conveyed to the defendant John Wynne title in the debtor-in-possession's real property at 2232 Ridgewood Drive, Lynchburg, Virginia.

JURISDICTION

1. The debtor commenced this bankruptcy case by filing on March 15, 2012 a petition under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction over this proceeding pursuant to

1

28 U.S.C. § 1334.

3. Count II is a core claim pursuant to 28 U.S.C. § 157(b)(2)(H) to avoid a fraudulent conveyance.

4. This Court has jurisdiction over Count I pursuant to 28 U.S.C. § 2201.

## THE PARTIES

5. The defendant John Wynne is a citizen of Bedford County, Virginia.

## STATEMENT OF FACTS

6. The defendant Wynne has in his possession a Note, dated August 23, 2006, which he claims evidences a loan made by him to Foster on August 23, 2006 in the amount of $40,000.00. The Note was secured by a Deed of Trust on Ms. Foster's real property ("the property") at 2232 Ridgewood Drive, Lynchburg, Virginia.

7. Wynne did not loan any money to Mr. Foster on August 23, 2006.

8. On September 25, 2008, attorney Peter Sackett, acting as Trustee under the Deed of Trust, conducted a foreclosure sale of the property. Wynne "bid in" the property for the amount of his claimed debt of $40,000.00. On October 16, 2008, Sackett recorded a Trustee's Deed conveying the property to Wynne, even though he paid no actual consideration for the property.

9. According to Wynne, who listed the property as collateral in the December 31, 2009 financial statement that he submitted to Old Dominion National Bank, the property is worth $200,000.00.

10. Karen Foster was insolvent at all times relevant to this

complaint. She filed Chapter 7 Bankruptcy Petition 07-61731 in this Court on September 14, 2007 due to her financial insolvency and she obtained a discharge of her debts.

CLAIM FOR RELIEF

COUNT ONE
(SEEKING DECLARATORY JUDGMENT THAT THE AUGUST 23, 2006 NOTE IS VOID)

11. The allegations of paragraph 1-10 are adopted herein.

12. The August 23, 2006 note was supported by no consideration.

13. The validity of the August 23, 2006 note is an actual case or controversy because Ms. Foster contends that the Note is void, but defendant Wynne claims that the Note is enforceable.

14. The Note is invalid under Virginia contract law.

    (a) The Note was not a bargained-for exchange.

        (1) A contract that is not supported by consideration is not a true bargain and is void. Although a "peppercorn" may be adequate consideration under Virginia law if actually bargained, no consideration is a sign that the contract was not based on an actual bargain.

        (2) The utter lack of consideration here was not actually bargained-for. On the morning of August 23, 2006, Ms. Foster was released from jail. She was broke. She immediately went to see Wynne, her boyfriend, because he was her boyfriend and she wanted to see him and because he owed her $100.00 for feeding his horses. Wynne was himself incarcerated at the time and was allowed to go to work each day on work release, so he had not been allowed to see Ms. Foster while she was in jail.

According to Wynne, Ms. Foster signed, during that visit, a Note and Deed of Trust, promising to pay him $40,000.00. According to Wynne's version of the facts, he had apparently prepared the papers while Ms. Foster was in jail, and she had not seen or discussed the Note and Deed of Trust with him prior to that morning.

(3) The contract was not a bargained-for exchange, which is evidenced by the lack of consideration for Wynne's windfall. See Restatement (Second) of Contracts § 71(1)(1981)("To constitute consideration, a performance or a return promise must be bargained for"). Thus, the Note was void ab initio and the foreclosure, which was merely an action to enforce the void contract, is also void.

(b) The Note recited false consideration.

(1) Although a peppercorn or "tomtit" may be adequate consideration, the consideration for the contract must be correctly stated in the contract. The consideration may not be falsely stated or be a sham. Restatement (Second) of Contracts § 79(1981), comment d. Sham consideration may not support a valid contract. Id.

(2) Here, the contract stated that Ms. Foster promised to pay Wynne $40,000.00 in exchange "For Value Received." The value she received was not the stated $40,000.00; instead she received nothing.

(3) The Note was void because it contained a false recital of consideration. The Note was void ab initio and the

4

foreclosure, which was merely an action to enforce the void contract, is also void.

WHEREFORE the plaintiff prays that this Court will declare, pursuant to 28 U.S.C. 2201 that the Note was <u>void ab initio</u>.

<u>COUNT TWO</u>
<u>(SEEKING AVOIDANCE, AS FRAUDULENT CONVEYANCES,
THE SEPTEMBER 25, 2008 FORECLOSURE AND THE
OCTOBER 16, 2008 TRUSTEE'S DEED)</u>

15. The allegations of paragraph 1-10 are adopted herein.

16. Peter Sackett, the trustee acting under the August 23, 2006 Deed of Trust, fraudulently conveyed Ms. Foster's property at 2232 Ridgewood Drive to Wynne in violation of Va.Code § 55-80 and Va. Code § 55-81.

17. The Trustee's Deed was a void transfer pursuant to Va.Code § 55-80.

   (a) The Trustee's Deed was a transfer from Sackett to Wynne of an interest in property; and

   (b) The transfer was made with the intent by Wynne (who falsely told Sackett that he was owed $40,000.00 by Foster) to delay, hinder or defraud creditors or other persons, specifically Ms. Foster, of property to which Foster was lawfully entitled.

18. The Trustee's Deed was a void transfer pursuant to Va.Code § 55-81.

   (a) The Trustee's Deed was a transfer from Sackett to Wynne of an interest in Ms. Foster's property; and

   (b) Ms. Foster was insolvent at the time of the transfer;

   (c) The consideration for the transfer of the Trustee's Deed ($0.00) was not of equal value to the property obtained by

5

Wynne in the transfer ($40,000.00).

19. The Trustee's Deed is void, or alternatively is voidable, pursuant to 11 U.S.C. § 548(a)(1).

    (a) Virginia law requires that a foreclosure sale is void[1] if the sale is for a price so inadequate "that it shocks the conscience of the chancellor."[2] Here, Wynne "bid in" the property for the amount of his debt, which was $0.00. The property was worth $203,000.00. Wynne paid a price equal to 0% of the value of the property. The price of this sale was so inadequate as to have been merely a sham price. The sale price here was plainly inadequate; the only way to conclude that the sale price was not "so inadequate" "that it shocks the conscience of the chancellor" is to conclude that the rule of unconscionability is not valid but is itself a sham.

    (b) The foreclosure sale by Sackett was voidable pursuant to 11 U.S.C. § 548(a)(1).

        (1) The transfer was a transfer of an interest in Ms. Foster's property;

        (2) The transfer was made within two years of the filing of the petition in this case;

        (3) The transfer was made for less than a reasonably equivalent value, as defined by Virginia law;

---

[1] Linney v. Normoyle, 145 Va. 589, 592, 134 S.E. 554, 554 (1926)("the conveyance" "was voidable in a court of equity, and would have been decreed void at the prayer of M. F. Normoyle, the complainant," but Normoyle did not ask that the sale be decreed void).

[2] Id. at 595, 134 S.E. at 555.

6

(4) Ms. Foster was insolvent at the time the transfer was made.

WHEREFORE Ms. Foster prays that this Court will declare as void, or alternatively avoid, the September 25, 2008 Foreclosure Sale and the October 16, 2008 Trustee's Deed as fraudulent conveyances.

>Respectfully Submitted,
>
>KAREN FOSTER
>
>By: _____

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia  24015
Tel: (540) 343-1173
Fax: (540) 343-1157

## VERIFICATION

I have read the foregoing and affirm that the facts recited herein are true and correct to the best of my knowledge and belief.  I affirm that I have carefully reviewed each and every paragraph of the foregoing, that I have initialed each paragraph and that I have instructed my attorney to file this based upon this verification that the facts contained herein are accurate.

_____
Karen M. Foster

_____
Date

was made.

WHEREFORE Ms. Foster prays that this Court will declare as void, or alternatively avoid, the September 25, 2008 Foreclosure Sale and the October 16, 2008 Trustee's Deed as fraudulent conveyances.

Respectfully Submitted,

KAREN FOSTER

By: _____

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia 24015
Tel: (540) 343-1173
Fax: (540) 343-1157

## VERIFICATION

I have read the foregoing and affirm that the facts recited herein are true and correct to the best of my knowledge and belief. I affirm that I have carefully reviewed each and every paragraph of the foregoing, that I have initialed each paragraph and that I have instructed my attorney to file this based upon this verification that the facts contained herein are accurate.

_____
Karen M. Foster

_____
Date

7