02/09/12

C.
I cannot discern a writ of this. How much do you think he thinks I owe him now?

9/17/09

I first saw all this 9/17/09.

He sent to Colette then to Bob Gwin. She wouldn't send to me.

**Company Name: RIVERMONT BANKING CO.**
Phone: 434-384-1635
FAX: 434-455-4900
Address: 1688 Holcomb Rock Road, Lynchburg, VA

FOSTER V. WYNNE
CASE NO. 12-60619

DEBTOR'S EXHIBIT A

To: Bob Gwin III
Fax: 843-839-2244
Phone: 843-839-2239
Re: Vicki Marsh & Chapel View

From: John L. Wynne
Pages: 19 pages
Date: 9/17/09
CC:

☐ Urgent  ☒ For Review  ☐ Please Comment  ☐ Please Reply

Bob — I still have not received copies of the executed letter of intent by Burson & Marsh.

Attached you will find my letter to Vicki, Linde's computations with my revisions supporting my payoff figure of $114,989 for Aug 1, 2009 with monthly accrual of $70.00 for interest. As of Oct 1, 2009 Vicki owes me $116,391.00 of received I will release the deeds of trust and sign deed to Pawley's Island property.

I am not going to send anymore documentation. The note and deed of trust and Linde's correspondence are sufficient.

Also attached 3 notes / 2 D/T, letter to Burson ltr dtd 8/25/06 from Vicki.

July 28, 2009

Vick:

I spoke to Linde recently concerning you and the sale of 392 Myrtle Ave. She said that she has not spoken to you for some time —— but still paying the interest on the WACHOVIA loan.

[ *Payoff Calculations* ] As of August 1, 2009 you owe me $114,989. AND that figure is increasing by $701.00 each month because of interest. That is over $8400 a year.

You must list the property ASAP. Because no realtor is going to promote/advertise the property without a listing, it is not in their best interest to promote the property, if someone else could sell it out from under them.

I told Linde that I can no longer wait..... I am going to have to foreclose on the NOTES secured by the deeds of trust. Since you are allowing the cottage in Abingdon to fall into ruin — I must move promptly to sell it before it crumbles into the ground. You have until September 1, 2009 to take me off or I ... proceed. I don't want

Vicki·                    Page 2

To but the longer we wait to act the more interest is paid to WACHOVIA and more interest is due me. Soon nothing will be left — your equity will be Gone! You may want to consider auctioning 392 Myrtle. With what you owe on the WACHOVIA NOTE > $500,000 plus the $115,000 you owe me plus the $60,000 + $42,000+ you owe Linde you can get $750,000+/- at auction you will be out from under the debt 392 Myrtle put you under → AND IF IT brought lets say $1 Million → you would have maybe $250,000 to keep. Letting this continue is Foolish and Letting Brewers alley Fall into Ruin → There is NO Excuse!
  I suggest you get with Linde ASAP AND TAKE ACTION

                                —John

P.S. I am more than happy to release my liens and give up my ownership if paid out per the above

FOSTER V. WYNNE
CASE NO. 12-60619

DEBTOR'S EXHIBIT B

KAREN FOSTER — Disbursements/Receipts    @ 10%    #DAYS SINCE 6/01/07

| page # | DATE | To Whom | CK# | REASON | Amount | per day | interest 704 |
|---|---|---|---|---|---|---|---|
| 1 | 11/14/06 | Sherwin Williams | store Receipt | paint | 35.14 | .01 | 2.28 |
| 2 | 11/13/06 | Sherwin Williams | store receipt | paint | 179.79 | .04 | 11.27 |
| 3 | 8/06/06 | Lowes | store receipt | painting supplies | 179.05 | .04 | 16.08 |
| 4 | 12/03/06 | CASH | signed receipt | CASH | 200.00 | .05 | 11.45 |
| 5 | 3/27/07 | Sears | store CC receipt | Appliances | 1,119.60 | .31 | 29.45 |
| 5 | 3/31/07 | Sears | store CC receipt | Appliances | 1264.81 | .37 | 31.53 |
| 6 | 2/7/07 | CASH | signed receipt | CASH | 200.00 | .05 | 7.15 |
| 7 | 12/04/06 | A Plus Supply | CC receipt | Floor Heat coil | 564.23 | .15 | 35.23 |
| 8 | 2/28/07 | Taylor Bros | CC receipt | Lumber | 517.39 | .14 | 17.29 |
| 9 | 12/5/06 | City of Lburg | city bill | Sewer/H2O | 64.54 | .02 | 3.66 |
| 10 | 11/18/06 | LOWES | CC receipt | Refrig + Appliance | 787.56 | .22 | 28.90 |
| 11 | 9/29/06 | Sams club | store receipt | Grill | 670.41 | .18 | 41.31 |
| 12 | 12/27/06 | Taylor Bros | CC receipt | Lumber | 1024.59 | .28 | 52.21 |
| 13 | 8/28/06 | Renaissance Academy | CC receipt | cash | 218.88 | .06 | 18.39 |
| 14 | 5/21/06 | Home Depot | CC receipt | Flooring | 225.24 | .06 | 24.99 |
| 15 | 6/14/06 | Lowes | CC receipt | Supplies | 127.12 | .03 | 13.26 |
| 16 | 4/18/06 | Drainbusters | receipt | Unclog drain | 45.00 | .01 | 3.51 |
| 17 | 12/30/05 | Taylor Bros | CC receipt | Supplies | 376.44 | .10 | 18.87 |
| 18 | 10/14/06 | Lowes | CC receipt | Supplies | 107.67 | .03 | 7.61 |
| 19 | 12/20/06 | Terrence White | Receipt | Roofing | 360.00 | .10 | 18.93 |
| 20 | 12/18/06 | Bonser LLC | receipt | Renov. 2232 | 2550.00 | .70 | 135.53 |
| 21 | 10/30/06 | Lakeside Marina | Cashier ck # 2701 | Remove Boat | 7000.00 | 1.92 | 466.03 |
| 22 | 1/31/07 | Taylor Bros | Receipt | Supplies | 489.05 | .13 | 20.81 |
| 23 | 11/30/06 | Taylor Bros | receipt | Supplies | 1011.67 | .28 | 31.03 |
| 24 | 9/24/06 | Taylor Bros | receipt | Supplies | 710.36 | .19 | 53.49 |
| | SUBTOTALS page 1 | | | | 20,424.52 | 5.47 | 1100.21 |

KAREN FOSTER — Disbursements / Receipts

| Page | Date | To Whom | Ck# | Reason | Amount | 6/10/06 Per Dmr | 6/30/07 Interest pay |
|---|---|---|---|---|---|---|---|
| 25 | 1-12-07 | Karen Foster | 8901 | CASH | 1500.00 | .41 | 159 69.44 |
| 25 | 1-15-07 | BofA | 8903 | Mtg pmt | 797.79 | .22 | 160 36.27 |
| 25 | 1-21-07 | BofA | 8907 | CASH | 1000.00 | .27 | 161 40.10 |
| 26 | 3-2-07 | Karen Foster | 8909 | CASH | 5000.00 | 1.37 | 110 190.68 |
| 26 | 2-27-07 | BofA | 8827 | BofA Mtge 1st Attempt to refund | 1564.50 | .42 | 145 52.13 62.13 |
| 27 | 10-30-06 | BofA | 8822 | BofA Mtgage | 1825.13 | .50 | 244 122.00 |
| 28 | 12-5-06 | AT&T | 8841 | TELEphone | 156.41 | .04 | 207 8.86 |
| 29 | 12-05-06 | City of Tiburon | 8770 | H2O Sewer | 64.84 | .02 | 207 3.64 |
| 30 | 8/11/06 | Karen Foster | 8863 | cable | 100.00 | .03 | 223 6.69 |
| 30A | 8/23/06 | Karen Foster | 8655 | cable | 100.00 | .03 | 211 6.33 |
| 32 | 9/19/06 | Karen Foster | 8685 | CASH | 500.00 | .14 | 284 38.88 |
| 33 | 9/20/06 | Karen Foster | 8746 | CASH 1st Attempt to refund | 1000.00 | .27 | 283 64.26 |
| 33 | 9/22/06 | Karen Foster | 8798 | CASH | 100.00 | .03 | 292 8.46 |
| 34 | 9/22/06 | Wenwee White | 8690 | Labor 2232 Redwood Canopy CASH | 2680.00 | .07 | 292 20.70 207.0 |
| 34 | 9/22/06 | Karen Foster | 8691 | Labor | 2000.00 | .54 | 217 151.78 |
| 35 | 9/27/06 | Karen Foster | 8708 | Labor 2232 Redwood | 239.00 | .07 | 225 17.99 |
| 35 | 9/29/06 | Wenwee White | 8711 | CASH | 100.00 | .03 | 306 9.18 |
| 35 | 8/29/06 | Karen Foster | 8773 | CASH Record Karen's DT | 601.83 | .16 | 296 48.78 |
| 35 | 9/7/06 | Peter Sackett | 8785 | Mtg pmts | 2262.00 | .62 | 285 182.81 |
| 35 | 9/8/06 | BofA | 8788 | 2232 Redwood Labor | 636.00 | .17 | 200 38.89 |
| 36 | 12/18/06 | Tennwelite | 8862 | cable | 1500.00 | .41 | 198 33.43 |
| 36 | 12-14-06 | Karen Foster | 8861 | cabos | 3600.00 | .10 | 187 18.34 |
| 37 | 12-26-06 | Terrewelite, Jr. | 8888 | CASH Karen's Deposit | 1000.00 | .27 | 214 56.97 |
| 38 | 12-1-06 | Karen Foster | 8839 | CASH | 1000.00 | .27 | 219 59.13 |
| 34 | 11-23-06 | Karen Foster | 8804 | CASH | 500.00 | .14 | 207 28.98 |
| 40 | 12-05-06 | Karen Foster | 8844 | CABL | | | |

Total: 284,675.00 / 1151.69

KAREN FOSTER — Disbursements/Receipts

| Ck# | Date | To Whom | Ck# | Reason | Amount | Personal | |
|---|---|---|---|---|---|---|---|
| PB#40 | 8/23/06 | City of Library | 8686 | C&SL | 2000 | — | 311  0.85 |
| 41 | 8/25/06 | Karen Foster | 8689 | C&SL | 100.00 | .03 | 309  9.27 |
| 42 | 11/06/06 | Karen Foster | 8736 | C&SL | 1000.00 | .27 | 305  17.63 |
| 42 | 11/27/06 | Karen Foster Boy A | 8804 | C&SL | 1000.00 | .27 | 248 |
| 43 | 12/15/06 | ~~Homeowner~~ | 8842 | MTG pmt ~~C&SL~~ | 767.11 | .21 | 209  43.70 |
| DJB#44 | 12-5-06 | City of Library | 8843 | H₂O Sewer | 64.84 | .02 | 209  366 |
| LOAN# 1-15-06 | | B&J A | 8903 | MTG pmt | 742.79 | .22 | 166  86.27 |
| pmt 46 | 2-27-07 ~~5-06~~ | B&J A | 8822 | MTG pmt | 1504.90 1500 | .43 | 129  51.16 |
| #47 | 8/01/05 | Karen Foster | 8154 | C&SL | 15000.00 | 4.11 | 2812.66 |
| 48 | 10-3-06 | Terrence White | 8747 | Labor 2232 12.2gw | 3200.00 | .09 | 209  2278 |
| 49 | 10-13-06 | | 8746 | utilities B&SL | 500.00 | .14 | 2  35.62 |
| 50 | 9/24/06 | Julie Rogers | 8711 | 1232 ruby Labor | 2350.00 | .07 | 73  17.85 |
| 51 | 9/27/06 | Terrence White | 8761 | Labor 2232 | 268.00 | .07 | 80  20.55 |
| 52 | 2/01/06 | Turner White | 8361 | Vet Bills Karen | 182.60 | .05 | 68  34.90 |
| 53 | 4/27/07 | Peaksview hm | 9034 | C&SL | 7000.00 | 1.92 | 164  112.74 |
| | | Karen Foster | | | 2782394 | 763 | 328988 |

at pay until 6-30-07

Recap of Karen Foster Disbursements
Pages A, B, C   compiled 7-11-07 by JLW

|        | Principal Amount | Int. Perdiem | Interest Due 6-30-07 |
|--------|------------------|--------------|----------------------|
| Page A | $20,424.52       | $5.47        | $1100.21             |
| Page B | 37675.60         | 6.60         | 1151.69              |
| Page C | 27823.94         | 7.63         | 3289.88              |
| TOTALS | 85,924.06        | $19.70       | 5541.78              |

Interest per month accrues @ $19.70/day
30 day ⟶ $591.00
31 day ⟶ $610.00

on July 31  P+I =   6151.78   INT
                   85924.06   pr
                   92075.84

# CUNNINGHAM & DREWRY

ATTORNEYS AT LAW

105 ARCHWAY COURT

LYNCHBURG, VIRGINIA 24502

RICHARD P. CUNNINGHAM
B. LEIGH DREWRY, JR.

PHONE: (434) 846-33
FAX: (434) 846-33
www.cdlawoffice.co

*Serving the Central Virginia Community since 1975*

November 23, 2011

The Honorable William N. Alexander, II
Franklin County Circuit Court
Post Office Box 601
Rocky Mount, Virginia 24151

          Re: John L. Wynne v. Karen Foster
          File Number: CL10004795-00

          Re: Karen Foster v. John L. Wynne, et al
          File Number: CL10005362-00

FOSTER V. WYNNE
CASE NO. 12-60619

DEBTOR'S
EXHIBIT
C

Dear Judge Alexander:

    Thank you for taking the time to hear counsel on the various motions in the above captioned cases on November 16, 2011 in your court. I understand the Court has taken our Motions for Summary Judgment in the action filed by Ms Foster and the Motion for Partial Summary Judgment in the Unlawful Detainer appeal under advisement to allow the show cause hearing involving Mr. Sackett to transpire and to allow Mr. Armstrong a chance to develop the nebulous theory he advanced on November 16, 2011. At the same time, however, I believe it wise to provide you with additional information for your consideration as the case proceeds.

    Enclosed are copies of the two outlines used to argue the Motion for Summary Judgment and Motion for Partial Summary Judgment. I have also enclosed a copy of the Request for Admissions which were submitted to Ms Foster on May 19, 2011, and answered by her counsel, Robert B. Armstrong, on June 10, 2011 in case number CL0004795-00. Ms Foster's answers to the Request for Admissions provide additional support to the arguments advanced on November 16, 2011, that Ms Foster never challenged the notice which preceded the foreclosure sale nor the actual mechanics of the foreclosure sale. You will also find enclosed page 39 of her May 26, 2011 deposition, in which she concedes multiple people in addition to Mr. Wynne and Mr. Sackett were present at the foreclosure sale held on the premises.

    It is Mr. Wynne's position, as advanced on November 16, 2011, that Ms Foster's sole challenge to the entire process deals with what happened following the foreclosure process. She

The Honorable William N. Alexander, II
November 17, 2011
Page 2 of 2

makes a vague claim of collusion between Mr. Wynne and Mr. Sackett and hopes to prove this claim in court.

The bottom line, however, is the facts and law are clear any lien obtained by Bank of America runs with the land, and does not adversely impact Mr. Wynne's position. Instead, Mr. Wynne accepts his deed to the premises subject to Bank of America's deed of trust. If anyone has something to complain about, it is Mr. Wynne and not Ms Foster.

This is even more so in light of the state of the law on September 25, 2008 and October 16, 2008, the dates of the foreclosure sale and the Trustee's Deed. **VA CODE ANN** §55-59.4 required the trustee, Mr. Sackett, to receive and receipt the proceeds from the sale without the purchaser, Mr. Wynne, "being required to see to the application" of the same. This is so because as the Virginia Supreme Court said in *Brown v. City of Roanoke*, 172 Va. 227, 1 S.E. 2d 279 (1939) the purchaser is entitled to rely upon the title conveyed by the Trustee's Deed.

Having affirmatively admitted she has no complaints concerning the notice and the mechanics of the foreclosure sale, Ms Foster fails to establish an issue of fact for determination by a jury. She also can not impose a duty upon Mr. Wynne where the law affirmatively says none exists. Therefore, it is a matter of law for the Court to determine and enter judgment in favor of John L. Wynne. Mr. Cunningham and I respectfully request such an Order be entered.

Sincerely,

B. Leigh Drewry, Jr.

BLD/det
Enclosures

cc: Robert B. Armstrong, Esquire
    Peter C. Sackett

# MOTION FOR PARTIAL
# SUMMARY JUDGMENT
# ON UNLAWFUL DETAINER

I Summary judgment applies where there are no facts in dispute
    A) Inferences favorable to non-moving party are to apply
    B) Best way to determine if facts in dispute is to look to elements of cause
        of action pled

II Elements of Unlawful Detainer
    A) Plaintiff has possession/right of possession
        1) D signed D/T
            a) D stipulates it her signature on D/T
        2) D admits at trial she owed money under D/T
            a) present at foreclosure
        3) D admits in deposition she owes P money under D/T
            a) various places cited in motion
        4) D defaulted on payment under D/T note
            a) see above citations to deposition
        5) Foreclosure sale held with D present and aware
            a) see trial transcript, page 10, lines 5-21
        6) Trustee's Deed, Exhibit B
            a) no action ever filed to void it based on improper notary's signature

    B) Holdover w/o legal right
        1) Trial testimony
            a) Transcript p. 3, lines 14-15 and page 6
            b) D aware of foreclosure Trial Transcript page 10, lines 5-21

    C) Notice to Quit
        1) All of above shows she not wanted
        2) Notice of foreclosure sale
            a) TT p. 6, lines 5-13
            b) TT p. 10, lines 10-21

III Granting Defendant all reasonable inferences, the most the evidence shows is:
    A) Peter Sackett was negligent in paying off the BofA D/T
        1) Facts would show D interfered with securing a proper payoff amount
        2) Does not affect title, only affects status of lien on property which P
        accepts when he accepts trustee's deed
            a) P may have c/a against Peter but it of no moment to D
    B) Peter Sackett may have breached a duty to D regarding the payment of

excess funds
- 1) No duty to debtor
    - a) See below in Conclusion
- 2) May be resolved in subsequent action against Peter for damages

C) No cloud on D's title
- 1) She has never alleged any impropriety with the notice or conduct of the foreclosure sale
    - a) all of her allegations go to the accounting and whether she is owed any excess
    - b) all of her allegations go to the BofA D/T remaining on the record for as long as it did, that is to P's detriment, not hers

IV Counter to Foster's Response
- A) Claim of facts and law still at issue
    - 1) First issue is what did Peter do with the money from the foreclosure sale
        - a) not at issue in unlawful detainer
        - b) no duty by Peter as T'ee to D
    - 2) Second issue - Cloud on Title
        - a) not at issue in unlawful detainer
        - b) deals with BofA D/T which has been satisfied
        - c) again deals primarily with disposition of any excess funds
        - d) no duty owed by T'ee to debtor (see below)
    - 3) Third issue - Wynne has not responded to Sackett's failure to answer interrogatories
        - a) this is evidence they acting in concert
            - i) this is a figment of someone's overly active imagination

V Conclusion
- A) P loaned D money - $40,000 by D's account
- B) Loan secured by D/T
- C) D fails to pay
- D) Lien of D/T perfected with foreclosure sale
    - 1) D does not challenge notice
        - a) D had actual notice in light of filing for injunction
    - 2) D does not challenge conduct of sale
    - 3) D's only challenge is to accounting
        - a) T'ee (Peter) has no duty to debtor (D/Foster)
            - i) *Horvath v. Bank of New York*, 2010 U.S.Dist. LEXIS 19965, 4-5 (2010)
            - ii) *Fleet Finance v. Burke & Herbert Bank and Trust*, 27 Va. Cir. 98 (1992)
- E) Title transferred to P

F) D remains in possession of house without paying rent, etc.
G) Facts not in dispute

# MOTION FOR SUMMARY JUDGMENT IN FOSTER'S LAWSUIT

I Summary judgment applies where there are no facts in dispute
    A) Inferences favorable to non-moving party are to apply
    B) Best way to determine if facts in dispute is to look to elements of cause of action pled

II Cause of action relied upon by Plaintiff Foster is shifting and unclear, but appears to be one of Quiet Title
    A) Elements of a Quiet Title action are:
        1) Plaintiff has valid, legal and equitable title to the premises
            a) Foster lacks for all of the reasons set out in the unlawful detainer outline
        2) Plaintiff has actual possession of the premises
            a) Foster's continued possession is unlawful
            b) Foster fails to vacate despite failure to pay
            c) BoA D/T is irrelevant at this point since its lien has been satisfied
                i) If Trustee's Deed is set aside, then Foster is indebted to Wynne for payment of the BofA loan, at least on a theory of unjust enrichment

        3) Defendant (Wynne) lays claim to the premises
            a) He does, but his claim is superior given all arguments in unlawful detainer outline
        4) Plaintiff has stated the nature of the claim
            a) Plaintiff's claim goes primarily to the accounting and what the T'ee did with the money from the foreclosure sale
                i) all irrelevant to the issue of title
                ii) T'ee has no duty to Plaintiff
                    - see unlawful detainer outline
                    - if there is a duty, then it is remedied with money damages against T'ee, not with setting aside a valid T'ee's Deed to Defendant Wynne who is a bfp

III Counter to Foster's Response
    A) See unlawful detainer outline

IV Conclusion
    A) See unlawful detainer outline