UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In Re:   KAREN MARIE FOSTER          Case No. 12-60619

         Debtor                       Chapter 11

JOHN L. WYNNE

         Movant,
v.

KAREN MARIE FOSTER

         Respondent

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now, John L. Wynne, by counsel, and files this Motion for Relief from Automatic Stay, and in support thereof states as follows:

1. This proceeding seeks relief under Section 362 of the U. S. Bankruptcy Code and is a contested matter within the meaning of Rule 9014 and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and the Court has jurisdiction over this matter pursuant to 28 U.S.C. §157.

2. Karen Marie Foster, the Debtor-in-Possession in this case, has filed eight previous bankruptcies, seven of them, including the instant case, in the last ten years.

3. John L. Wynne and the debtor in this case, Karen M. Foster, are the parties in two civil proceedings pending in the Circuit Court for the City of Lynchburg, VA as Case Nos. CL10004795-00 and CL10005362-00. The litigation was initiated when Mr. Wynne filed an unlawful detention action in the Lynchburg General District Court. After he was granted judgment, Ms. Foster appealed to the Circuit Court and has been required to post bonds totaling $20,500.00, thus far. From May 6, 2010, when the Debtor was required to provide $2,000.00,

FOSTER V. WYNNE
CASE NO. 12-60619

DEBTOR'S
EXHIBIT
D

through November 30, 2011 when she paid $1,000.00, she paid a total of $19,000.00 into the Court. On December 30, 2011, she paid an additional $1,500.00.

4. The suits arose from a loan made on August 23, 2006 by Mr. Wynne to Ms. Foster which was evidenced by a $40,000.00 demand note and was secured by a second deed of trust on real property then owned by Ms. Foster located at 2232 Ridgewood Drive, Lynchburg, VA. Ms. Foster never made any payments under the note and Mr. Wynne foreclosed. Ms. Foster filed suit seeking to enjoin the foreclosure sale but her suit was dismissed. The foreclosure sale was conducted on September 25, 2008 at which Ms. Foster was present. On October 16, 2008 a Trustee's Deed conveying the property to Mr. Wynne was executed and on October 21, 2008 was recorded in the Lynchburg Circuit Court Clerk's office. A copy of the October 16, 2008 Trustee's Deed with recording receipt is attached hereto as Exhibit A. On February 16, 2010 a Certificate and Affidavit of Satisfaction was recorded in the Lynchburg Circuit Court Clerk's office evidencing that the debt secured by the first deed of trust in the face amount of $87,832.00 had been paid. A copy of the Certificate is attached as Exhibit B. Mr. Wynne paid that debt. On January 18, 2011 an Amended Trustee's Deed date December 31, 2010 was recorded in the Lynchburg Circuit Court Clerk's office, a copy of which is attached as Exhibit C.

5. At a hearing held on January 9, 2012, Judge William N. Alexander ruled from the bench that Mr. Wynne was the fee simple title owner to the premises commonly known as 2232 Ridgewood Drive, Lynchburg, VA, that Ms. Foster unlawfully withheld possession of the property from Mr. Wynne and that Mr. Wynne was entitled to possession of the property. Judge Alexander also directed Ms. Foster to deliver possession to Mr. Wynne without damage to the premises. A court reporter was present at the hearing and a transcript was prepared. After

the hearing, Mr. Wynne's counsel prepared an order for consideration by Judge Alexander. On January 11, 2012, as indicated on the order, Judge Alexander gave Ms. Foster's counsel until January 23, 2012 to review the transcript incorporated by reference into the order.

6. At the hearing on January 9, 2012, Judge Alexander also continued the matter on the docket for trial by jury upon Mr. Wynne's claim for damages for the unlawful detainer of the property until January 11, 2012. A jury trial was held on January 11, 2012 on the issue of damages and the jury rendered a verdict in favor of John L. Wynne in the amount of $29,328.00. Also on January 11, 2012, Judge Alexander granted Ms. Foster's motion to stay the writ of possession for the property he had granted in favor of Mr. Wynne for ten days until January 23, 2012, setting the appeal bond at $125,000.00. On January 13, 2012, Mr. Wynne's counsel prepared an order in accordance with Judge Alexander's instructions reflecting the jury's decision and mailed it to Ms. Foster's counsel for review. A copy of counsel's letter is attached as Exhibit D.

7. The Debtor filed a pro se Chapter 13 Bankruptcy petition on January 13, 2012 (Case No. 12-60080). The address she provided for herself was 2232 Ridgewood Drive, Lynchburg, VA, which is the property that is the subject of the litigation pending in the Lynchburg Circuit Court. She did not file any of the required bankruptcy schedules with her petition.

8. The Certificate of Notice filed by the Bankruptcy Noticing Center in Case No. 12-60080 shows that the Notice of Chapter 13 Bankruptcy and Meeting of Creditors were not mailed until January 19, 2012.

9. On January 23, 2012, Judge Alexander signed an order setting out his rulings made at the January 9, 2012 hearing, apparently without being notified that Ms. Foster had filed

3

her bankruptcy petition on January 13, 2012. A copy of the order signed by Judge Alexander is attached as Exhibit E.

10.    On January 17, 2012 this Court entered an order in Case No. 12-60080 directing the Debtor to file the required bankruptcy schedules and statements by January 27, 2012, including Schedules A – J, the Statement of Financial Affairs, and Form 22C.

11.    On January 27, 2012, the Debtor filed some but not all of her required schedules. On Schedule A, she listed the real property which was conveyed to Mr. Wynne by the trustee's deed in 2008 as being owned by her in fees simple. On Schedule D she showed a debt in the amount of $40,000.00 owed to Mr. Wynne secured by a deed of trust. On Schedule F she showed a debt owed to Mr. Wynne in the amount of $29,000.00. On Schedule I she stated that she has $1,050.00 of monthly income the source of which is "rental from house." On Schedule J she stated that she pays rent or home mortgage payment of $1,000.00 per month. She did not file a Statement of Financial Affairs. Nothing in the schedules which Ms. Foster filed referenced the pending litigation with Mr. Wynne.

12.    The Debtor did not appear at either the original creditor's meeting noticed for February 14, 2012 in Case No. 12-60080 or at the continued meeting set for February 28, 2012. She made no payments to the Chapter 13 Trustee and provided none of the documents requested by him, including her most recent tax returns.

13.    On February 20, 2012, Mr. Wynne filed a motion for relief form stay and noticed it for hearing on March 15, 2012, the date originally set by the Court for the confirmation hearing in the case.

14.    On February 28, 2012, as amended on February 29, 2012, the Debtor filed a motion to convert her case to one under Chapter 11, noticing a hearing for April 19, 2012. In the

4

Motion to Convert, the Debtor states that she did not have regular income of the type necessary for successful Chapter 13 case and that her financial affairs involve the "liquidation of a mechanic's lien" and the "litigation of a complex issue involving a deed of trust" which are more suited to resolution by a debtor-in-possession than by a Chapter 13 trustee.

15. In a response filed to Mr. Wynne's Motion for Relief from Stay on March 6, 2012. In the first two paragraphs of the response, the Debtor asserts that Mr. Wynne was not the purchaser at a valid non-collusive foreclosure sale of the debtor's real property. That is exactly what the parties litigated for two years and in part what Judge Alexander and the Circuit Court Jury held to be the case. The Debtor also asserted that Mr. Wynne did not loan her $40,000.00 as set forth in an August 23, 2006 note and that the Deed of Trust she executed giving Mr. Wynne a security interest in the 2232 Ridgewood Drive property "could not have been validly executed to enforce payment of the note." In the Chapter 7 case the Debtor filed on September 14, 2007 (Case No. 07-61731), and in which she received a discharge, the Debtor listed Mr. Wynne as a creditor owed $40,000.00 on a debt created in 2006 and which was secured by a second deed of trust on the 2232 Ridgewood Drive property. She listed no claims against Mr. Wynne on Schedule B, nor did she dispute the validity of either the debt or the security for the debt and is therefore judicially estopped from asserting any such claims at this time.

16. Because the Debtor made no attempt to comply with any of the requirements necessary to confirm a Chapter 13 plan, the Chapter 13 Trustee filed a motion to show cause why the case should not be dismissed and set it for hearing on March 15, 2012.

17. At the hearing on March 15, 2012, this Court granted the Chapter 13 Trustee's motion to dismiss without prejudice thereby dismissing Mr. Wynne's motion for relief from stay

and and denying Mr. Wynne's request made at the hearing that the order contain a prohibition against the debtor refiling a bankruptcy petition for 90 days. The order was signed and entered on the docket on March 16, 2012.

18.    On March 15, 2012, the Debtor filed a Chapter 11 petition. She did not file schedules or pay the filing fee. She filed schedules on March 22, 2012, but has not yet paid the filing fee.

19.    On Schedule B filed in her Chapter 11 case, the Debtor lists the following items of personal property:

>    Claim to Recover Lot 13 Block A Evergree (sic) Subdivision          $ 203,000
>
>    Pending lawsuit against John Wynne, Peter Sackett, and Bank of America   UNKNOWN
>
>    Court bond posted with Lynchburg City Circuit Court                 $  20,000

The claim to recover Lot 13 Block is the litigation described in paragraphs 3 – 6 above and the bond is the bond posted therein. In so far as Mr. Wynne is aware, the pending lawsuit of UNKNOWN value is also that litigation.

20.    The Lynchburg Circuit Court has resolved all matters related to the ownership of the real property located at 2232 Ridgewood Drive and the legality of the foreclosure proceedings.

21.    The bond was posted in increments from May 4, 2010 through December 30, 2011. The only payment made within 90 days of the filing of her Chapter 11 petition on March 15, 2012, was a $1,500.00 payment made on December 30, 2011.

22.    On Schedule I filed in her Chapter 11 case, as well as on Schedule I filed in Chapter 13 case No. 12-60619, the Debtor shows that she receives $1,000 per month from the rental of real property, presumably from rent paid by Tim Hodges for the 2232 Ridgewood Drive

6

property as shown on Schedule G, and where the Debtor also resides. Any rent the Debtor receives for the 2232 Ridgewood Drive is rent that properly belongs to Mr. Wynne, the owner of the property which the Debtor continues to unlawfully detain.

23.   Attached as Exhibit F hereto is a copy of a March 23, 2012 letter written by the Debtor's counsel to Eugene Wingfield, Clerk of the Lynchburg Circuit Court requesting the turnover of the funds paid by the Debtor as a cash bond in the litigation described in paragraphs 2 – 5 above.

In his letter, Debtor's counsel cites two cases that he asserts support the requested turnover. To the contrary, however, both of the cases support granting Mr. Wynne relief from stay and allowing the Lynchburg Circuit Court to resolve any outstanding issues and dispose of the bond in accordance with Virginia law.

The Kansas Bankruptcy Court decision in <u>Postel</u> holds that while a bankruptcy estate might have a contingent interest in a cash bond like the one at issue here, such right is subject to being divested if the judgment in the case in which it was posted is affirmed. The Postel Court also held that the creditor also had an interest in the bond and that state law should determine the ultimate disposition of the bond funds posted in a state court proceeding. The Court concluded by requesting a party in interest to move for relief from stay to allow the state court to determine the interests of the parties in the cash bond.

The other case cited by Debtor's counsel (in fact he only provides a summary of the decision), is the 2005 decision of the U.S. Bankruptcy Court for the Western District of Kentucky in <u>In re Thermoview Industries Inc.</u> which apparently held that the payment of a cash bond might be a preferential payment under Section 547 of the Bankruptcy Code. Even if that were to be the case here, which Mr. Wynne does not admit, in this case all of the payments made

by the Debtor that constitute the bond with the exception of $1,500.00 were made more than 90 days prior to March 15, 2012, the date this Chapter case was filed, and thus none of the funds are recoverable as preferences.

24. On Schedule B filed in this case, the Debtor lists as an asset worth $356,000, "100% of Dominion Homes and Land Development, Inc.". No such interest was scheduled in her recent Chapter 13 Case No. 12-60080 or in her 2007 Chapter 7 Case No. 07-61731. The records of the State Corporation Commission indicate that corporate registration of Dominion Homes and Land Development, Inc. was terminated on January 31, 2007.

25. The Debtor has no assets or business to reorganize. Besides the "assets" described in paragraph 19 and 24 above, the only other non-exempt "asset" is "Claim for damages against John Wynne (RICO, etc.)" which is valued at $1,000,000.00. No such suit has been brought against Mr. Wynne and could not be brought in Bankruptcy Court in any event. The pendency of the Chapter 11 case has no bearing on whether such a suit could be prosecuted by the Debtor even if Mr. Wynne could be found liable which he disputes.

26. The Debtor has no equity in the 2232 Ridgewood Drive property which is not listed on Schedule A filed in this case.

27. The 2232 Ridgewood Drive property is not necessary to the Debtor's effective reorganization, assuming that reorganization were possible or even contemplated.

WHEREFORE, John L. Wynne moves this Court to enter an order lifting the automatic stay for cause; permitting him to proceed to obtain possession of the real property located at 2232 Ridgewood Drive, Lynchburg, VA in accordance with Judge Alexander's written order reciting his rulings made at the January 9, 2012 hearing and as provided by Virginia law; allowing Judge Alexander to dispose of the bond posted by Ms. Foster on the appeal of the

judgment in favor of Mr. Wynne in the Lynchburg General District Court as provided by Virginia law; allowing Judge Alexander to enter a written order in accord with the jury verdict rendered at the trial held on January 11, 2012; ordering the Debtor to pay to Mr. Wynne all funds she has collected as rental for 2232 Ridgewood Drive, Lynchburg, VA since March 15, 2012; and for such other and further relief as is appropriate.

Dated: March 28, 2012　　　　　　　　　　　　　John L. Wynne


　　　　　　　　　　　　　　　　　　　　　　　By: /s/ William F. Schneider
　　　　　　　　　　　　　　　　　　　　　　　　　William, F. Schneider, Esq.

William F. Schneider, Esq.
(VSB #32293)
Bell & Schneider, PLC
P.O. Box 739
Lynchburg, VA 24505
434.528.0411
434.845.3666 (FAX)

orig.

## DEMAND NOTE

$40,000.00                                    CITY OF LYNCHBURG, VIRGINIA

August 23, 2006

FOR VALUE RECEIVED, the undersigned promises to pay to the order of the NOTEHOLDER, its successors and/or assigns, the principal sum of Forty Thousand Dollars ($40,000.00) together with interest thereon at the rate of eight percent (8%) per annum. Installments of interest only shall be due and payable on the first day of each month beginning September 1, 2006. Payments shall be payable at such address as the Noteholder may designate in writing. Any payment not received on or before the tenth day after the due date shall be subject to a five (5%) percent penalty. This is a demand note. The entire unpaid principal, accrued interest, late charges or any other amounts coming due under this note shall be payable on demand by the Noteholder.

The right is reserved to prepay this note in whole or part at any time without penalty.

In the event of default hereunder or the breach of any of the covenants in the Deed of Trust or this note, then the unpaid principal balance and any unpaid accrued interest thereon may, at the option of the holder of this note, and without notice, be declared and become at once due and payable in full. Any failure by the Noteholder to exercise such option shall not be deemed a waiver of the right to exercise the same in the event of any subsequent default or breach.

Presentation, demand, protest, notices of dishonor and protest, the benefit of homestead exemption, and all defenses and pleas on the ground of any extension or extensions of time or payment or of the due dates of this note, in whole or in part, before or after maturity, with or without notice, are hereby waived by the makers and by any and all endorsers, sureties, guarantors and obligors hereof, it being further agreed by them that they will pay any collection expense, court costs and any reasonable attorney's fees which may be incurred in the collection or enforcement of this note or any part hereto.

Exhibit "A"

FOSTER V. WYNNE
CASE NO. 12-60619

DEBTOR'S
EXHIBIT
E

This obligation is secured by a deed of trust of even date herewith on the following real estate: LOT 13, BLOCK A, EVERGREEN SUBDIVISION, CITY OF LYNCHBURG, VIRGINIA.

NOTICE - THIS DEBT, SECURED BY A DEED OF TRUST, IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF THE SALE OR CONVEYANCE OF THE PROPERTY CONVEYED IN THE DEED OF TRUST.

WITNESS the following signature and seal this 23rd day of August, 2006.

_____ (SEAL)
KAREN FOSTER

ORIGINAL



FILE COPY

page 47

FOSTER V. WYNNE
CASE NO. 12-60619

DEBTOR'S
EXHIBIT
F




FOSTER V. WYNNE
CASE NO. 12-60619
DEBTOR'S
EXHIBIT
G

080008916

Prepared by:

Peter C. Sackett, Trustee

714 Court Street

Lynchburg, VA 24504

Tax Map No.: 065-01-013

*The First Trustee's Deed — Later Amended by Cunningham office (see his package) due to notary issue*

THIS TRUSTEE'S DEED, made this 16TH day of October, 2008, by and between **PETER C. SACKETT**, Trustee, party of the first part (Grantor); and **JOHN L. WYNNE**, unmarried, party of the second part (Grantee):

### WITNESSETH THAT:

WHEREAS, by deed of trust dated August 23, 2006, of record in the Clerk's Office of the Circuit Court of the City of Lynchburg, Virginia, as Instrument Number 060011337, Karen Foster conveyed the herein described real estate to Peter C. Sackett, Trustee, in trust, to secure to John L. Wynne the payment of the obligation therein described; and

WHEREAS, default having been made in the payment of the note secured by said deed of trust, the holder of said note directed the party of the first part to foreclose and to sell the hereinafter described real estate under the terms and conditions of said deed of trust, and

WHEREAS, the party of the first part advertised the hereinafter described real estate in accordance with the terms and conditions of said deed of trust, and offered said real estate for sale on the premises, on September 25, 2008, after giving written notice of such sale by certified mail to Karen Foster, at her last known address, required by law and as required under the said deed; and

WHEREAS, at said sale the party of the second part was the high bidder at $160,000.00.

NOW, THEREFORE, that for and in consideration of the sum of One Hundred Sixty Thousand and 00/100 Dollars ($160,000.00), cash in hand paid to the party of the first part by the party of the second part, the receipt of which is hereby acknowledged, the said party of the first does hereby grant and convey, with **SPECIAL WARRANTY OF TITLE**, unto the said party of the second part, the following described real estate, to-wit:

That certain tot or parcel of land lying, together with any buildings and improvements thereon, and the privileges and appurtenances thereunto belonging, situate, lying and being in the City of Lynchburg, Virginia, in that portion thereof annexed from the County of Campbell, Virginia on January 1, 1926, designated as Lot 13 in Block A, on a plat entitled **"Block 'A' Evergreen Subdivision, Bedford & Campbell Counties, Lynchburg, Virginia, for John C. Catherwood, Esq."**, made by Wiley and Wilson, Consulting Engineers, dated April 10, 1957, and of record in the Clerk's Office of the Circuit Court for the City of Lynchburg, Virginia, in Deed Book 313, at page 34, and also of record in the Clerk's Office of the Circuit Court of Bedford County, Virginia, in Subdivision Plat Book 1, at page 23.

Said property has a street address of 2232 Ridgewood Drive, Lynchburg, Virginia.

Being the same identical property conveyed unto Karen Foster by Homer M. Foster, by deed dated April 16, 1998, and which deed is of record in the Circuit Court Clerk's Office of the City of Lynchburg, Virginia, in Deed Book 1032, at page 267.

This conveyance is made subject to all easement; restrictions, reservations and conditions now binding on the above described property by recorded deed, instrument or plat.

**IN WITNESS WHEREOF,** the party of the first part has hereto affixed his signature and seal.

_____ (SEAL)
Peter C. Sackett, Trustee

**STATE OF VIRGINIA**
**CITY OF LYNCHBURG, TO-WIT:**

The foregoing deed was acknowledged before me this 16th day of October, 2008 by Peter C. Sackett, Trustee.

My commission expires: June 30 2011

Reg. No. 281062

_____
Notary Public

Virginia: In the Clerk's Office of the Circuit Court of the City of Lynchburg The foregoing instrument was this day presented in the office aforesaid and is, together with the certificate of acknowledgement annexed, admitted to record __OCT 2 1 2008_____,
_____ at _4:00_ o'clock _P___ M.
The tax imposed by Sec. 58.1-802 of the Code has been paid in the amount of
$ _160.00_____.

TESTE: _(signature)_     Clerk

_400.00_ Tax
_133.33_ City Tax
_1.00_ Transfer
_5.00_ TFTF
_1.00_ OAPF
_26.00_ Fee
_160.00_ Tax Sec. 58.1-802
_726.33_ TOTAL

Examined And
Delivered To
Grantee
John L. Wynne
1688 Holcomb Rock Rd
Lynchburg Va 24503