**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

In re: KAREN MARIE FOSTER,    )    Case No. 12-60619-LYN
                              )
    Debtor.               )
                              )    Chapter 11

**MEMORANDUM and ORDER**

Before the court is the court's motion to abstain from hearing, and dismiss, a notice of removal ("the Notice of Removal") filed by Karen Foster ("the Debtor" or "the Debtor-in-Possession") seeking to remove two lawsuits[1] from the Circuit Court for the City of Lynchburg ("the Lynchburg Circuit Court"). The Notice of Removal was filed on April 12, 2012, in the parent case. The other litigant in the Lynchburg Circuit Court action is John L. Wynne ("Mr. Wynne"). This court will abstain from hearing the removed matter and the Notice of Removal will be dismissed.

*Facts*

In 2006, the Debtor executed a note ("the Note") and deed of trust ("the Deed of Trust") in favor of Mr. Wynne. The Note was in the face amount of $40,000.00. The Deed of Trust secured the Note by granting Mr. Wynne a consensual lien on real property commonly known as

---

[1] The Notice of Removal lists the designations of the removed cases as CL1004795-00 and CL10005362-00. The Notice of Removal indicates that the pending cases included a claim and a related counter-claim.

1

2232 Ridgewood Drive, Lynchburg, Virginia ("the Real Property"). She defaulted on the Note and Mr. Wynne brought an action to foreclose on the Real Property. The Debtor filed a lawsuit seeking to enjoin the foreclosure, but that case was dismissed. The foreclosure sale was conducted on or about September 25, 2008. On October 16, 2008, a Trustee's Deed conveying the property to Mr. Wynne was executed. The Trustee's Deed was recorded in the Office of the Clerk for the Lynchburg Court on October 21, 2008.

The Debtor refused to vacate the Real Property. Mr. Wynne filed an unlawful detention action in the Lynchburg General District Court. Judgment was granted in favor of Mr. Wynne.[2] After Mr. Wynne was granted judgment, the Debtor appealed to the Circuit Court. She was required to post a bond and has, thus far, posted bonds totaling $20,500.00.

At a hearing held on January 9, 2012, the Lynchburg Circuit Court ruled that Mr. Wynne was the fee simple title owner of the Real Property, that the Debtor unlawfully withheld possession of the Real Property from Mr. Wynne and that Mr. Wynne was entitled to possession of the Real Property. The Court also directed Ms. Foster to deliver possession of the Real Property to Mr. Wynne.

A trial was held on January 11, 2012, on the issue of damages and the jury rendered a verdict in favor of Mr. Wynne in the amount of $29,328.00.

On January 13, 2012, the Debtor filed a chapter 13 petition with the clerk of this court.[3] The Lynchburg Circuit Court, not knowing that the Debtor had filed a bankruptcy petition,

---

[2] Summons for Unlawful Detainer and Request for Writ of Possession, attached to the to the Debtor's Notice of Removal in adversary proceeding no. 12-06047, designated as "Attachment A to the Notice of Removal" and "Attachment B to the Notice of Removal", respectively.

[3] The case was designated as Case no. 12-60080 by the Clerk of the Bankruptcy Court.

entered a judgment setting out its January 9, 2012, ruling.[4]

On February 20, 2012, Mr. Wynne filed a motion for relief from the automatic stay and noticed it for hearing on March 15, 2012, the date originally set by this court for the confirmation hearing in the case. On February 28, 2012, as amended on February 29, 2012, the Debtor filed a motion to convert her case to one under Chapter 11. The Chapter 13 Trustee filed a motion to show cause why the case should not be dismissed and set it for hearing on March 15, 2012. At the hearing on March 15, 2012, this Court granted the Chapter 13 Trustee's motion to dismiss without prejudice thereby dismissing Mr. Wynne's motion for relief from stay.

Also on March 15, 2012, the Debtor filed a Chapter 11 petition.[5] The Debtor did not schedule the Real Property as property of the estate. On April 12, 2012, the Debtor filed the Notice of Removal in this bankruptcy case attempting to remove the two lawsuits before the Lynchburg Circuit Court. She did not file an adversary complaint at that time.

## *Discussion*

This matter comes before this court on the court's motion to abstain from hearing the Notice of Removal attempting to remove lawsuits CL1004795-00 and CL10005362-00 from the Lynchburg Circuit Court.

The Notice of Removal filed on April 12, 2012, is procedurally defective. A notice of removal is to be brought by way of an adversary complaint. *See* Fed.R.Bankr.P. 7001(10). The Notice of Removal was not brought by way of an adversary complaint. For this reason, the Notice of Removal filed on April 12, 2012, will be dismissed.

---

[4] The judgment(s) is, of course, of no effect. *See* 11 U.S.C. § 362(a).

[5] See Docket no. 1 in this case.

## **ORDER**

For the reasons stated in the accompanying memorandum,

The "Notice of Removal" filed by Karen Marie Foster in the above-styled case on April 12, 2012, shall be and hereby is dismissed for lack of proper prosecution.

So ORDERED.

The Clerk shall file this memorandum and order in the parent bankruptcy case, no. 12-60619.

Upon entry of this memorandum and order the Clerk shall forward copies of this memorandum to William F. Schneider, Esq., Gary M. Bowman, Esq., and the United States trustee.

Entered on this   22nd   day of May, 2012.

_____
William E. Anderson
United States Bankruptcy Judge