**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: KAREN MARIE FOSTER, | ) | Case No. 12-60619-LYN |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| KAREN MARIE FOSTER, | ) | Adv. No. 12-06047 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN L. WYNNE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM and ORDER OF REMAND**

Before the court on the court's motion to abstain from hearing a notice of removal ("the Notice of Removal") filed by Karen Foster ("the Debtor" or "the Debtor-in-Possession") seeking to remove two lawsuits[1] from the Circuit Court for the City of Lynchburg ("the Lynchburg Circuit Court"). The Notice of Removal was filed by way of adversary complaint on May 9, 2012. The other litigant in the Lynchburg Circuit Court action is John L. Wynne ("Mr. Wynne"). This court

---

[1] The Notice of Removal lists the designations of the removed cases as CL1004795-00 and CL10005362-00. The Notice of Removal indicates that the pending cases included a claim and a related counter-claim.

1

will abstain from hearing the removed matter.

*Facts*

In 2006, the Debtor executed a note ("the Note") and deed of trust ("the Deed of Trust") in favor of Mr. Wynne. The Note was in the face amount of $40,000.00. The Deed of Trust secured the Note by granting Mr. Wynne a consensual lien on real property commonly known as 2232 Ridgewood Drive, Lynchburg, Virginia ("the Real Property"). She defaulted on the Note and Mr. Wynne brought an action to foreclose on the Real Property. The Debtor filed a lawsuit seeking to enjoin the foreclosure, but that case was dismissed. The foreclosure sale was conducted on or about September 25, 2008. On October 16, 2008, a Trustee's Deed conveying the property to Mr. Wynne was executed. The Trustee's Deed was recorded in the Office of the Clerk for the Lynchburg Court on October 21, 2008.

The Debtor refused to vacate the Real Property. Mr. Wynne filed an unlawful detention action in the Lynchburg General District Court. Judgment was granted in favor of Mr. Wynne.[2] After Mr. Wynne was granted judgment, the Debtor appealed to the Circuit Court. She was required to post a bond and has, thus far, posted bonds totaling $20,500.00.

At a hearing held on January 9, 2012, the Lynchburg Circuit Court ruled that Mr. Wynne was the fee simple title owner of the Real Property, that the Debtor unlawfully withheld possession of the Real Property from Mr. Wynne and that Mr. Wynne was entitled to possession of the Real Property. The Court also directed Ms. Foster to deliver possession of the Real Property to Mr. Wynne.

---

[2] Summons for Unlawful Detainer and Request for Writ of Possession, attached to the to the Debtor's Notice of Removal in adversary proceeding no. 12-06047, designated as "Attachment A to the Notice of Removal" and "Attachment B to the Notice of Removal", respectively.

A trial was held on January 11, 2012, on the issue of damages and the jury rendered a verdict in favor of Mr. Wynne in the amount of $29,328.00.

On January 13, 2012, the Debtor filed a chapter 13 petition with the clerk of this court.[3] The Lynchburg Circuit Court, not knowing that the Debtor had filed a bankruptcy petition, entered a judgment setting out its January 9, 2012, ruling.[4]

On February 20, 2012, Mr. Wynne filed a motion for relief from the automatic stay and noticed it for hearing on March 15, 2012, the date originally set by this court for the confirmation hearing in the case. On February 28, 2012, as amended on February 29, 2012, the Debtor filed a motion to convert her case to one under Chapter 11. The Chapter 13 Trustee filed a motion to show cause why the case should not be dismissed and set it for hearing on March 15, 2012. At the hearing on March 15, 2012, this Court granted the Chapter 13 Trustee's motion to dismiss without prejudice thereby dismissing Mr. Wynne's motion for relief from stay.

Also on March 15, 2012, the Debtor filed a Chapter 11 petition.[5] The Debtor did not schedule the Real Property as property of the estate.

On May 9, 2012, the Debtor filed the Notice of Removal, designated as adversary no. 12-06047 by the clerk.

### *Discussion*

This matter comes before this court on the court's motion to abstain from hearing the complaint removing lawsuits CL1004795-00 and CL10005362-00 from the Lynchburg Circuit

---

[3] The case was designated as Case no. 12-60080 by the Clerk of the Bankruptcy Court.

[4] The judgment(s) is, of course, of no effect. *See* 11 U.S.C. § 362(a).

[5] See Docket no. 1 in this case.

Court.

On May 9, 2012, the Debtor filed a notice removing the two Lynchburg Circuit Court lawsuits by way of an adversary proceeding. A party may remove a claim or cause of action to district court, and by reference to the bankruptcy court, if such court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. The court to which such claim or cause of action is removed may abstain from hearing such claim and may remand it on any equitable grounds. 28 U.S.C. § 1452(a).

The factors that a court should weigh when considering discretionary abstention and remand are the same. Roddam v. Metro Loans, Inc. (In re Roddam), 193 B.R. 971 (Bankr. N.D. Ala. 1996). "Discretionary abstention under [section 1334(c)(1)] constitutes a legislative rejection of the common law rule that a court with jurisdiction must exercise the jurisdiction when requested to do so." Swift v. Bellucci (In re Bellucci), 119 B.R. 763, 771 n. 18 (Bankr. E.D. Cal.1990)

In determining whether to invoke discretionary abstention, courts have weighed twelve factors. Eastport Assoc. v. City of Los Angeles, 935 F.2d 1071, 1075 (9th Cir. 1991) citing Christianson v. Tucson Estates, Inc. (In re Tucson Estates, Inc.) 912 F.2d 1162, 1167 (9th Cir. 1990). Also see Fidelity National Title Insurance Company v. Franklin (In re Franklin), 179 B.R. 913, 928 (Bankr. E.D.Cal. 1995) and Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987). While all factors should be considered, the exercise is one of legal analysis, not accounting. The "list serves to provide an intellectual matrix to guide the judge who considers abstention . . ." Franklin, 179 B.R. at page 928.

The twelve factors are "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention [or remand], (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties." See Eastport, 935 F.2d at 1075-1076.

First, the court is to consider the impact on efficient administration of the bankruptcy estate. The Debtor asserts that it is necessary to determine whether she has any ownership rights in the Real Property in order to administer this estate. That very issue has been the subject of litigation in the Lynchburg Court for more than three years. The Debtor had an opportunity to present a defense against the foreclosure when the foreclosure action was brought against her. In fact, she did just that but the suit was dismissed. The Debtor would now have this court revisit that issue even though it has been litigated and decided in the Lynchburg Circuit Court. To do so would impede the efficient administration of this bankruptcy estate. This first factor counsels strongly to remanding this action to the Lynchburg Circuit Court.

Second, a court should consider the extent to which state or federal law predominates

over bankruptcy issues. Mr. Wynne brought the actions in state court based on a summons for unlawful detainer and a request for writ of possession in an unlawful detainer proceeding. The cause of action concern a note, a deed of trust, a foreclosure, and damages arising from unlawful detainer. All of the actions concern only state law. This second factor weighs heavily in favor of abstention.

Third, the difficulty or unsettled nature of the applicable law is not a factor.

The fourth factor, the presence of a related proceeding in state court or another bankruptcy court. This matter was commenced in the Lynchburg Court. It is complete save the formality of the entry of judgment. This factor weighs heavily in favor of abstention.

The fifth factor is whether there is another basis for federal jurisdiction other than 28 U.S.C. § 1334. There is none. As such this factor counsels for abstention.

The sixth factor is the legal proximity of the instant case to the parent proceeding. It is not a factor in this case. While the matters addressed in the complaint are integral to the administration of this estate, they are not intertwined with the actual administration of this estate.

The seventh factor, the substance, rather than the form, of an asserted core proceeding, is not a factor in this case.

The eighth factor, the feasibility of separating state court matters from the matters to be determined in this court, is not a factor.

The ninth factor, the burden on the bankruptcy court's docket, is not a factor in this case.

To the extent that the tenth factor, the likelihood that removal of the matter was forum shopping, is a factor in this case, it counsels for remand. The fact that the Lynchburg Circuit Court had ruled against the Debtor is strong evidence that the filing of the instant complaint was

the result of forum shopping.

The eleventh factor, the existence of a right to a jury trial, is not a factor.

The twelfth factor, the presence in the proceeding of non-debtor parties, is not a factor.

In summary, abstention is warranted in this case because the parties litigated the matter in state court for more than three years before the petition was filed and because all of the causes of action are based exclusively on state law.

In this case, the first, second, fourth, fifth, ninth, and twelfth factors counsel for abstention, many of them strongly so. None of the factors counsel the court to retain and hear this adversary proceeding. This court cannot imagine an instance in which remand would be more appropriate.

## *Conclusion*

For the reasons stated herein, this court will abstain from hearing Adversary Proceeding 12-06047removing lawsuits CL1004795-00 and CL10005362-00 filed by the Debtor on May 9, 2012. Those lawsuits will be remanded to the Lynchburg Circuit Court.

## **ORDER OF REMAND**

For the reasons stated in the accompanying memorandum,

Karen Foster, debtor-in-possession, by counsel, having docketed a Notice of Removal as docket entry no. 2 in Adversary Proceeding No. 12-6047 seeking the removal of Case Nos. CL1004795-00 and CL10005362-00 now pending in the Circuit Court for the City of Lynchburg, and this Court having reviewed and considered the Notice of Removal, and pursuant to 28 U.S.C. Sections 1334(c) and 1452(b), and 11 U.S.C. Section 105(a), it is hereby ORDERED that both cases are remanded to the Circuit Court for the City of Lynchburg for all

further proceedings deemed appropriate by that Court; and it is further ORDERED that this Order shall become effective immediately upon entry and shall not be automatically stayed pursuant to Federal Rule of Bankruptcy Procedure 7062, or any other applicable rule.

So ORDERED.

Upon entry of this memorandum and order the Clerk shall forward copies of this memorandum to William F. Schneider, Esq., Gary M. Bowman, Esq., and the United States trustee.

Entered on this 22nd day of May, 2012.

_____
William E. Anderson
United States Bankruptcy Judge