UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| In re: KAREN MARIE FOSTER, ) | Case No. 12-60619-LYN |
| ) | |
| Debtor. ) | |
| ) | Chapter 11 |

**MEMORANDUM and ORDER**

Before the court is a motion for relief from the automatic stay filed by John L. Wynne ("Mr. Wynne") seeking an order modifying the stay to permit the Circuit Court for the City of Lynchburg ("the Lynchburg Circuit Court") to enter judgment in two lawsuits. Karen Foster ("the Debtor" or "the Debtor-in-Possession") opposes the motion

*Facts*

In 2006, the Debtor executed a note ("the Note") and deed of trust ("the Deed of Trust") in favor of Mr. Wynne. The Note was in the face amount of $40,000.00. The Deed of Trust secured the Note by granting Mr. Wynne a consensual lien on real property commonly known as 2232 Ridgewood Drive, Lynchburg, Virginia ("the Real Property"). She defaulted on the Note and Mr. Wynne brought an action to foreclose on the Real Property. The Debtor filed a lawsuit seeking to enjoin the foreclosure, but that case was dismissed. The foreclosure sale was conducted on or about September 25, 2008. On October 16, 2008, a Trustee's Deed conveying

1

the property to Mr. Wynne was executed. The Trustee's Deed was recorded in the Office of the Clerk for the Lynchburg Court on October 21, 2008.

The Debtor refused to vacate the Real Property. Mr. Wynne filed an unlawful detention action in the Lynchburg General District Court. Judgment was granted in favor of Mr. Wynne.[1] After Mr. Wynne was granted judgment, the Debtor appealed to the Circuit Court. She was required to post a bond and has, thus far, posted bonds totaling $20,500.00.

At a hearing held on January 9, 2012, the Lynchburg Circuit Court ruled that Mr. Wynne was the fee simple title owner of the Real Property, that the Debtor unlawfully withheld possession of the Real Property from Mr. Wynne and that Mr. Wynne was entitled to possession of the Real Property. The Court also directed Ms. Foster to deliver possession of the Real Property to Mr. Wynne.

A trial was held on January 11, 2012, on the issue of damages and the jury rendered a verdict in favor of Mr. Wynne in the amount of $29,328.00.

On January 13, 2012, the Debtor filed a chapter 13 petition with the clerk of this court.[2] The Lynchburg Circuit Court, not knowing that the Debtor had filed a bankruptcy petition, entered a judgment setting out its January 9, 2012, ruling.[3]

On February 20, 2012, Mr. Wynne filed a motion for relief from the automatic stay and noticed it for hearing on March 15, 2012, the date originally set by this court for the

---

[1] Summons for Unlawful Detainer and Request for Writ of Possession, attached to the to the Debtor's Notice of Removal in adversary proceeding no. 12-06047, designated as "Attachment A to the Notice of Removal" and "Attachment B to the Notice of Removal", respectively.

[2] The case was designated as Case no. 12-60080 by the Clerk of the Bankruptcy Court.

[3] The judgment(s) is, of course, of no effect. *See* 11 U.S.C. § 362(a).

confirmation hearing in the case.  On February 28, 2012, as amended on February 29, 2012, the Debtor filed a motion to convert her case to one under Chapter 11.  The Chapter 13 Trustee filed a motion to show cause why the case should not be dismissed and set it for hearing on March 15, 2012.  At the hearing on March 15, 2012, this Court granted the Chapter 13 Trustee's motion to dismiss without prejudice thereby dismissing Mr. Wynne's motion for relief from stay.

Also on March 15, 2012, the Debtor filed a Chapter 11 petition.[4]  The Debtor did not schedule the Real Property as property of the estate.

On April 12, 2012, the Debtor filed a pleading entitled "notice of removal" in this bankruptcy case purporting to remove the two lawsuits before the Lynchburg Circuit Court.  She did not file an adversary complaint at that time.  This court has dismissed this pleading.

The Debtor also filed an adversary complaint, designated as adversary no. 12-06047, seeking to remove the litigation in the Lynchburg Circuit Court.  It is essentially the same pleading that was filed in the parent case on April 12, 2012, except that it is brought by way of an adversary complaint, as is procedurally required.  This court has remanded that proceeding back to the Lynchburg Circuit Court.

On May 10, 2012, the motion for relief from the automatic stay came on for hearing.  The Debtor's defense to the motion consisted of the argument that the foreclosure sale held on September 25, 2008, was unlawful.  Rather than address why the stay should not be lifted, the Debtor attempted to demonstrate that a three-and-one-half year old foreclosure sale should be voided because Mr. Wynne had committed fraud on the Virginia State Court.

### *Discussion*

---

[4] See Docket no.1 in this case.

This matter comes before this court on the motion of Mr. Wynne seeking relief from the automatic stay so that Lynchburg Circuit Court may enter judgment in lawsuits CL1004795-00 and CL10005362-00.

The petition initiating this case was filed under 11 U.S.C. § 301. A petition filed under section 301 operates as a stay against certain acts. This automatic stay may be characterized as three stays in one. First, it is a stay against certain *in personam* acts against the *debtor*. See 11 U.S.C. § 362(a)(1),(2)&(6)-(8). Second, it is a stay against certain *in rem* acts against *property of the debtor*. See 11 U.S.C. § 362(a)(5). Finally, it is a stay against certain *in rem* acts against *property of the estate*. See 11 U.S.C. § 362(a)(2)-(4).

The stay in this case does not apply with respect to property of the Debtor or property of the bankruptcy estate. The Supreme Court has ruled that interests in property are determined under state law unless some federal interest requires a different result.

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy." *Lewis v. Manufacturers National Bank*, 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323.

*Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979).

In this instance, the State Court determined more than three years ago that the Mr. Wynne owned the Real Property that is the subject of the Lynchburg Circuit Court litigation. Consequently, it is not property of the debtor.

This conclusion is confirmed by the Debtor's own schedules. Federal Rule of Evidence 201 provides that the Court, whether or not requested, may take Judicial Notice of adjudicative

facts at any stage of the proceedings. F.R.Evid. 201 is the only evidentiary rule on the subject of judicial notice. A bankruptcy court is duty bound to take judicial notice of its records and files. *In re Snider Farms, Inc.,* 83 B.R. 977, 986 (Bankr.N.D.Ind.1988), *citing, In re Woodmar Realty,* 294 F.2d 785, 788 (7th Cir.1961), *cert. den.* 369 U.S. 803, 82 S.Ct. 643, 7 L.Ed.2d 550 (1962). *Also see State of Florida Board of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc.,* 514 F.2d 700, 704 (5th Cir.1975) (It is not error for bankruptcy court to take judicial notice of related proceeding and records in cases before a court.).

While not all assertions in the documents in a court's records are entitled to judicial notice, assertions in verified documents filed by a debtor are evidentiary admissions.

> The Court is aware that there is a very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, i.e., the *existence* thereof, and the taking of judicial notice of the truth or falsity *contents* of any such document for the purposes of making a finding of fact.
> However, the verified Schedules and Statements filed by a debtors are not just pleadings, motions or exhibits thereto. They are evidentiary admissions. *In re Cobb,* 56 B.R. 440, 442 n. 3 (Bankr.N.D.Ill.1985). *See,* Fed.R.Evid. 801(d)(2) (Admission by a party opponent not hearsay).

*In re Earl*, 140 B.R. 728, 730 n.2 (Bankr. N.D. Ind. 1992).

In this case, the Debtor did not schedule the Real Property in her schedules. Nor did the Debtor schedule Mr. Wynne as a creditor with a security interest in the Real Property.[5] The automatic stay does not apply to the Lynchburg Circuit Court litigation under 11 U.S.C. § 362(a)(5) because the Real Property is not property of the Debtor.

Because the Real Property is not property of the Debtor, it is not property of the estate. *See* 11 U.S.C. § 541(a) (Property of the estate consists of property in which the debtor has a legal

---

[5] In Schedule F, the Debtor scheduled Mr. Wynne as an unsecured creditor holding a claim for "Damages' in the amount of $29,328.00. This is the amount that the jury in the Lynchburg Circuit Court litigation awarded Mr. Wynne based on her refusal to vacate the Real Property premises.

or equitable interest.).   Because it is not property of the estate it is not subject to administration in this Chapter 11 case.   Accordingly, the result of the Lynchburg Litigation cannot affect the administration of this case.  The automatic stay does not apply to the Lynchburg Circuit Court litigation under 11 U.S.C. § 362(a)(2)-(4) because the Real Property is not property of the estate.

The automatic stay does, however, apply in this instance because the Lynchburg Circuit Court litigation is an act against the Debtor.  *See* 11 U.S.C. § 362(a)(1)&(6).  Relief from the automatic stay, however, may be granted for cause.  11 U.S.C. § 362(d)(1).  Cause imports a broad range of reasons for granting relief.  *See* 3 Collier On Bankruptcy, "Automatic Stay",  ¶ 362.07[3][a] (Sixteenth Ed. Rev.).  Relief is appropriate for cause if the state court action is about to go to litigation or if the issues in that litigation concern state law.  *See In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986).  ("In this case, several factors could constitute "cause." A clear congressional policy exists to give state law claimants a right to have claims heard in state court. . . .  More importantly, a state court trial is about to take place involving the very same issues. Under these circumstances, the district court did not abuse its discretion in terminating the stay, thus allowing the entire case to be determined in one forum.").  The Lynchburg Court Litigation is literally on the verge of conclusion.  In fact, the trial is over.  All that remains is for the Court to enter judgment.  Further, the issues in the Lynchburg Court Litigation concern only state law.

Relief from the automatic stay for cause is also appropriate if it promotes judicial economy.  *See Packerland Packing Co., Inc. v. Griffith Brokerage Co. (In re S. Kemble)*, 776 F.2d. 802(9th Cir. 1985) and *In re Pro Football Weekly, Inc.*, 60 B.R. 824 (N.D.Ill. 1986). Judicial economy will doubtless be promoted by permitting the Lynchburg Circuit Court to enter

6

judgment(s) if it deems it appropriate to do so.  Relief from the stay for cause is appropriate in this case under section 362(d)(1).

## *Conclusion*

For the reasons stated herein, the motion of John L Wynne for relief from the automatic stay will be granted.

## **ORDER**

For the reasons stated in the accompanying memorandum, the Motion for Relief from Stay filed in this matter on behalf of John L. Wynne, by counsel, having come before the Court for hearing on May 10, 2012, and the Court having considered the pleadings, the argument of counsel, and the evidence, for good cause shown, it is hereby ORDERED that the automatic stay imposed pursuant to 11 U.S.C. Section 362, is lifted to allow the Circuit Court for the City of Lynchburg to continue the adjudication of Case Nos. CL10004795-00 and CL10005362-00 now pending in said Court, including entering written orders in accord with the rulings made by Judge William M. Alexander on January 9, 2012 and with the jury verdict rendered at the trial held on January 11, 2012 in said cases, and permitting John L. Wynne to proceed to obtain possession of the real property located at 2232 Ridgewood Drive, Lynchburg, VA in accordance with Judge Alexander's order and as provided by Virginia law; and it is further ORDERED that this Order shall become effective immediately upon entry, and shall not be automatically stayed pursuant to Federal Rule of Bankruptcy Procedure 7062, or any other applicable rule

So ORDERED.

Upon entry of this memorandum the Clerk shall forward copies of this memorandum to William F. Schneider, Esq., Gary M. Bowman, Esq., and the United States trustee.

Entered on this  22nd  day of May, 2012.

_____
William E. Anderson
United States Bankruptcy Judge