UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| KAREN M. FOSTER, ) | |
| ) | Case No. 12-60619 |
| _____Debtor._____ ) | |

**MOTION TO DISMISS CASE AND PROHIBIT THE DEBTOR FROM FILING A NEW BANKRUPTCY CASE FOR 180 DAYS**

W. Clarkson McDow, Jr., United States Trustee for Region Four (the "United States Trustee"), by counsel, moves the Court pursuant to §§ 105, 109, and 1112(b)(1) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), for the entry of an order dismissing the Debtor's case and barring the Debtor from filing a new petition for relief under the Bankruptcy Code for 180 days. In support of this motion, the United States Trustee respectfully states as follows:

Jurisdiction and Venue

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for this motion are §§ 105, 109, 307, and 1112 of the Bankruptcy Code.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Background

4. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 15, 2012.

5. The Debtor attended an initial debtor interview on March 28, 2012. A representative of the United States Trustee met with the Debtor and explained to her, among other things, the requirements to file monthly operating reports and pay quarterly fees.

1

6. Since October 25, 2001, the Debtor has filed 4 bankruptcy cases that have been dismissed without the Debtor receiving a discharge. The Dockets for cases 02-04312, 03-00348, 03-03854, and 12-60080 are incorporated by reference.

7. In connection with the dismissal of case number 03-03854, the Debtor was barred from filing a new bankruptcy case for 180 days.

8. The Debtor received a chapter 7 discharge on January 18, 2008, in connection with case number 07-61731.

9. Prior to the filing of this case, a creditor conducted a foreclosure sale of 2232 Ridgewood Drive, Lynchburg, Virginia 24503.

10. Prior to the filing of this case, the Debtor was involved in eviction proceedings. Upon information and belief, the court ruled against the Debtor and the Debtor filed this case before the entry of the order memorializing the court's decision.

11. Upon information and belief, the Debtor was residing and working in North Carolina on the petition date.

12. Upon information and belief, the creditor that foreclosed on 2232 Ridgewood Drive, Lynchburg, Virginia has obtained possession of the house.

13. Upon information and belief, the Debtor filed this case to stop the eviction proceedings relating to 2232 Ridgewood Drive, Lynchburg, Virginia.

14. On March 6, 2012, the Court entered a Debtor-In-Possession Order in this case that, among other things, requires the Debtor to "follow all guidelines, regulations and directives of the Office of the United States Trustee pertaining to Chapter 11 cases including, but not limited to, payment of the required quarterly fees." The Debtor-In-Possession Order is attached as Exhibit 1.

15. Quarterly fees are due on the last day of the month following the calendar quarter.

16. The Debtor has not paid the quarterly fees for the 1st and 2d quarters of 2012 and she currently owes not less than $650.54 in quarterly fees.

17. The Debtor is required to file monthly operating reports "by the 15th day of each succeeding month and are to cover the preceding calendar month." A copy of the written guidelines provided to the Debtor are attached as Exhibit 2.

18. On June 27, 2012, the Debtor filed operating reports for March 2012 through May 2012; the Debtor has not timely filed an operating report for June 2012.

19. The Debtor did not attach the bank statements to the reports as required.

20. The Debtor has not filed an application to employ counsel.

21. According to the Rule 2016 disclosure filed by Debtor's counsel, he is billing the Debtor $250.00 an hour.

22. The reports show that the Debtor has paid $3,879.00 to her counsel without permission of this Court.

23. According to the May 2012 report, the Debtor has incurred $18,500.00 in unpaid debts since the filing of this case.

24. According to the reports filed, the Debtor's total income received between March 1, 2012, and May 31, 2012, has been $4,610.11.

25. Upon information and belief, the Debtor failed to schedule certain income being received from Leland and Stephanie Robertson and her ownership of a Mitsubishi Diamante.

26. The Debtor has not amended her schedules to correct the deficiencies discussed at the creditors' meeting held on May 3, 2012.

27. The Debtor did not upload a complete list of creditors with the filing of the petition.[1] Thereafter, the Debtor has failed to file a notice of amendment to creditors' matrix.[2]

### Basis for Relief

28. The Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

29. The Bankruptcy Code states that "no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if- (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court. . . ." 11 U.S.C. § 109(g).

30. The United States Trustee may raise and be heard on any issue. 11 U.S.C. § 307.

31. Section 1112(b) of the Bankruptcy Code, in part, states:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>     (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>     (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>       (i) for which there exists a reasonable justification for the act or omission; and
>       (ii) that will be cured within a reasonable period of time fixed by the court.

---

[1] Compare the certificate of service for the mailing of the notice of the creditors' meeting [Docket No. 15] with the creditors listed on the Schedules D-H [Docket No. 19].

[2] Thus, it appears certain creditors may have been denied notice of this case and the proceedings in this case.

11 U.S.C. § 1112(b)(1), (2).  Cause includes, but is not limited to: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;" "gross mismanagement of the estate;" "failure to comply with an order of the court;" "unexcused failure to satisfy timely any filing or reporting requirements," and "failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any)."    11 U.S.C. § 1112(4)(A), (B), (E), (F), and (H).

32.    The Bankruptcy for the District of Delaware described the Court's discretion in finding cause to grant a motion to convert or dismiss as follows:

> Courts have wide latitude in determining whether cause exists to convert or dismiss.  The section provides ten enumerated examples which constitute statutory cause.   However the court is not limited to the statutory examples and cause may be determined from the facts and circumstances of the case.

In the Matter of Nugelt, Inc., 142 B.R. 661, 665 (Bankr. D. Del. 1992) (citations omitted).

33.    Congress intended BAPCPA's[3] changes to Section 1112(b) to "make it broader, more strict as to debtors, and more encompassing."  See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr..D.Colo., 2006).

34.    Cause exists to dismiss the Debtor's case and to prohibit her from filing a new petition for relief under the Bankruptcy Code for 180 days.

35.    The Debtor appears to be suffering from continuing financial losses evidenced by increasing administrative claims and other post-petition debts.

36.    In addition, it does not appear the Debtor has a reasonable likelihood of rehabilitation.

---

[3] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8.

5

37. In showing a reasonable likelihood for rehabilitation, "Courts usually require the debtor do more than manifest unsubstantiated hopes for a successful reorganization." In re Canal Place Ltd. P'ship, 921 F.2d 569, 577 (5th Cir.1991); In re Brown, 951 Fed.2d 564, 572 (3d Cir. 1991). In this case, the Debtor's hopes to reorganize appear to center around the success of certain litigation. The Debtor's hopes at rehabilitating appear speculative.

38. The Debtor has not filed a disclosure statement or plan, and the case has been pending for more than 120 days.

39. The Debtor appears to be grossly mismanaging the estate by, among other things: (i) failing to seek to employ counsel; (ii) failing to amend inaccurate schedules; (iii) making payments to counsel without Court approval; (iv) failing to timely file monthly operating reports; (v) failing to aggressively prosecute this case by filing a disclosure statement and plan; and (vi) incurring unpaid post-petition debts.

40. The Debtor has failed to comply with the Debtor-In-Possession Order.

41. The Debtor has failed to comply timely with filing and reporting requirements such as Fed. R. Bankr. P. 1007(a)(1) and Local Rule 1009-1.

42. The Debtor has failed to timely file certain required monthly operating reports.

43. The Debtor has failed to pay required fees.

44. The Debtor is not eligible for a discharge. 11 U.S.C. § 1141(d)(3)(C).

WHEREFORE, the United States Trustee, by counsel, moves the Court for the entry of an Order dismissing the Debtor's case and prohibiting her from filing a new petition for relief under the Bankruptcy Code for 180 days.

Date:  July 19, 2012                              Respectfully submitted,

                                                  W. Clarkson McDow, Jr., United States Trustee
                                                  for Region Four

                                                  By: /s/ W. Joel Charboneau

Office of The United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov

## NOTICE OF HEARING

Please take notice that a hearing will be held on August 9, at 10:30 a.m. in the United States Bankruptcy Court located in Lynchburg, Virginia.

## CERTIFICATE OF SERVICE

I certify that on July 19, 2012, I electronically filed the foregoing with the United States Bankruptcy Court for the Western District of Virginia and I caused copies to be mailed to the entities on the attached Service List.

/s/ W. Joel Charboneau

## SERVICE LIST

Santander Consumer USA
P.O. Box 560284
Dallas, TX 75356-0284

Commonwealth of Virginia
Court Debt Collections
P.O. Box 2156
Richmond, VA 23218

Homer Foster
3842 NW Highway 25/70
Hot Springs, NC 28742

Jamie Ridgeway
34 Cynthia Court
Lynchburg, VA 24501

Jim Hodges
2232 Ridgewood Drive
Lynchburg, VA 24592

John Wynne
1588 Holcomb Rock Road
Lynchburg, VA 24503

Lynchburg Circuit Court
P.O. Box 4
Lynchburg, VA 24505

Robert Armstrong
3 McDowell Street
Lexington, VA 24450

Sharon Rose
606 Culroath Drive
South Boston, VA 24592

Vickie Wiese, Esq.
Wiese Law Firm
1502 Franklin Road, S.W. #20
Roanoke, VA 24016

AEP
1 Riverside Plaza
Columbus, OH 43215

Centra Health
PO Box 2495
Lynchburg, VA 24505

Central Va. Family Physicians
PO Box 2489
Forest, VA 24551

City of Lynchburg Water/Sewer
PO Box 9000
Lynchburg, VA 24503

Columbia Gas
PO Box 745289
Cincinnati, OH 45274

Comcast
8029 Corporate Drive
Nottingham, MD 21236

First National Bank-Altavista
PO Box 29
Altavista, VA 24519

Focused Recovery Solutions
9701 Metropolitan Court
Richmond, VA 23236

Legacy Vacation Club
PO Box 29352
Phoenix, AZ 85038

Medical Data Systems
2001 9th Ave., Suite 312
Vero Beach, FL 32960

Peaks View Animal Hospital
802 Wiggington Rd
Lynchburg, VA 24502

Penn Credit
PO Box 988
Harrisburg, PA 17108

The Time Share Co.  
PO Box 190  
Waunakee, WI 53597  

US Dept. of Education  
PO Box 4169  
Greenville, TX 75403  

Verizon Wireless  
PO Box 3397  
Bloomington, IL 61702

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| In re: KAREN M FOSTER | CASE NO. 12-60619 |
| Debtor(s) | CHAPTER 11 |

**DEBTOR-IN-POSSESSION ORDER**

Pursuant to debtor's petition filed under Chapter 11, it is

O R D E R E D:

That pending further order of this Court, debtor shall operate its business as debtor in possession with powers, rights and duties of a trustee under 11 U.S.C. Section 1107, conditioned as follows:

1. Debtor shall not pay any pre-petition debt; may employ, discharge and fix salaries of all employees; but officers' and directors' salaries shall be reported by the debtor in possession in writing within ten (10) days of entry of this order to the office of the U.S. Trustee and to the creditors' committee designated in this case and absent any written objection and request for hearing by the U. S. Trustee or the creditors' committee within fourteen (14) days after the convening of the Section 341 meeting of creditors, said salaries shall be fixed; shall not, without, court approval, use "cash collateral" as defined in 11 U.S.C. Section 363 (a) unless the secured party consents; shall not sell property of the estate other than in the ordinary course of business except with court approval; may obtain unsecured credit in the ordinary course of business; may not obtain secured, priority or senior lien credit without court approval under 11 U.S.C. Section 364; and shall maintain adequate insurance on the property of the estate and make timely payment of any and all premiums thereon.

2. Debtor shall close its current books and open new books of account showing all earnings, expenses, receipts and disbursements commencing with the date of the petition; shall segregate on its books all taxes collected or withheld whether federal, state, or local; shall close all bank accounts currently maintained and open two new bank accounts, a Debtor in Possession "Operating Account" and a Debtor in Possession "Tax Account". Debtor shall deposit in the tax account all funds required to be escrowed under state or federal law, to be disbursed only for the purpose for which they are set aside. All federal payroll taxes (e.g. FICA, FUCA) shall be deposited each time a payroll is made; and Debtor shall notify: Chief, Technical Section, Internal Revenue Service, P. O. Box 10025, Richmond, Virginia 23240 of the date, place, amount of each deposit and whether it is the entire amount due and promptly prepare and file all tax returns required by law. Debtor shall follow all guidelines, regulations and directives of the Office of the United States Trustee pertaining to Chapter 11 cases including, but not limited to, payment of the required quarterly fees.

3. Failure by debtor to comply with the terms, conditions and provisions of this order may require debtor to appear before this court for a hearing relative to the further administration of debtor's case, or for debtor to show cause why a trustee should not be appointed, or the debtor's case should not be converted to Chapter 7 or dismissed; and it is

FURTHER ORDERED:

That within fourteen (14) days after the entry of this order, counsel shall file with this court a report disclosing counsel's fee arrangement with debtor, the amount of the retainer received, if any, the disposition of the same, and comply with the provisions of 11 U.S.C. Section 327, et seq. and Bankruptcy Rule 2014. Failure of counsel to comply with the foregoing may result in disallowance of attorney's fees. Upon review by this court of counsel's filings and barring any written objection to counsel's employment and a request for hearing thereon, counsel of record shall continue, until further order of court, as counsel for the debtor in possession.

Service of a copy of this order shall be made by mail to debtor, counsel for debtor, and the United States Trustee.

DATED: 3/16/12

_____
**WILLIAM E. ANDERSON, JUDGE**

odipa.frm

US Trustee Exhibit 1
8/9/12
Case No. 12-60619
Page 1 of 1

| | | |
|---|---|---|
| **UNITED STATES DEPARTMENT OF JUSTICE** | | Form 10 |
| **OFFICE OF UNITED STATES TRUSTEE** | | Rev. 01/08 |

First Campbell Square Building
210 First St., Suite 505
Roanoke, VA  24011-1620
Tel. 540-857-2806   Fax 540-857-2844

To:     Chapter 11 Debtors, Counsel, and Appointed Chapter 11 Trustees

From:   John Robert Byrnes
        Assistant U.S. Trustee

Subject: Chapter 11 Debtor Instructions and Requirements

**INITIAL DEBTOR CONFERENCE:**

The U.S. Trustee is required by law to monitor the financial performance of Chapter 11 debtors and to insure that debtors otherwise comply with applicable provisions of the Bankruptcy Code.  This is done primarily through ongoing financial review of the debtors business activities with particular emphasis on whether the debtor is remaining current with its post petition (after filing) obligations and whether the reorganization of the debtor's business is feasible. In order to facilitate the debtor's compliance with its reporting obligations, all Chapter 11 debtors are required to meet with the Office of the U.S. Trustee at the commencement of their case to discuss the operation of the business and the ongoing reporting requirements.  <u>Failure to attend the conference or to provide the required documentation in a timely manner will result in an immediate motion to dismiss the case.</u>

It is the responsibility of counsel for the debtor to provide the debtor with this Guideline Package and all forms.

**At the conclusion of the conference, the debtor will be required to sign a certification that the instructional package has been received and reviewed and that all guidelines, general requirements and reporting requirements are understood.**

The CEO and the financial officer of the Debtor are required to personally attend the conference at our offices located at First Campbell Square Building, 210 First Street, Suite 120, Roanoke, Virginia.  The Debtor's counsel must personally attend the conference, however, if counsel is located outside of the Roanoke area, such personal appearance may be waived by the U.S. Trustee, in which event counsel **must** participate by phone on the date and time scheduled by calling our office.  The U.S. Trustee will not proceed with the meeting without the participation of counsel.

**Materials the Debtor must provide not less than 36 hours before the conference:**

1. Copies of bank statements for all pre-petition bank accounts for the preceding one (1) year;

2. Copies of tax returns for the preceding three (3) years or copies of filed requests for extension;

-1-

US Trustee Exhibit 2
8/9/12
Case No. 12-60619
Page 1 of 6

3.  Financial Statements

The books and records of the debtor must be closed out as of the date of filing of the petition and a new set of books and records should be opened thereafter for the Debtor-in-Possession.  Copies of all general financial reports for the period of one year preceding the bankruptcy must be provided by the debtor at the conference.  Back up documentation such as ledgers and cancelled checks is not required unless specifically requested by the U.S. Trustee. In the event that reproduction of any of the referenced materials is voluminous, the U.S. Trustee should be contacted prior to the conference.

4.  Bank Accounts

The Debtor in Possession Order requires that new post petition bank accounts be opened. The debtor must furnish the Court and the Office of the United States Trustee with evidence that all existing accounts have been closed and that it has opened new accounts.  The debtor must establish a separate general operating account for the purpose of paying bills incurred during the administration of the case, a separate tax trust account into which escrow funds are to be deposited for the payment of post petition taxes, and if necessary, a payroll account.

The U.S. Trustee must be notified if Debtor in Possession accounts are moved to another depository.

The Bankruptcy Code requires that all accounts must be in an account authorized by the U.S. Trustee, regardless of where they were pre-petition. See the attachment for a list of authorized depositories.

On the face of the checks for each new account, the words "Debtor-in-Possession" and the bankruptcy case number must appear.  The debtor must submit a copy or sample blank check marked "VOID" for each new account that shows compliance with this requirement. (The abbreviation "DIP" is not acceptable.)

Our office cannot waive this requirement.  Appropriate pleadings must be filed with the Court to waive this requirement.

You should ensure that the account is set up on a calendar month, that is, the first day of the month through the last day of the month.

5.  Proof of Insurance

The debtor must file with the United States Trustee's Office evidence that the debtor is insured by workers' compensation, liability, auto, fire and theft and any other insurance customarily maintained in the business in which the debtor is engaged.  The fair market value of the estate's property must be insured against loss.  Said evidence will consist of a copy of the insurance binder or certificate of insurance.  It must show the type and amount of insurance, the property insured, effective date and policy period, and that the debtor is an insured party.  The debtor must instruct insurance companies and agents to provide the United States Trustee with prior notification regarding any change, cancellation or expiration of a debtor's insurance policy. **The Office of the United States Trustee must be added as Certificate Holder**.

-2-

US Trustee Exhibit 2
8/9/12
Case No. 12-60619
Page 2 of 6

In the event of termination or lapse of insurance, the debtor must immediately report the termination to the United States Trustee and immediately obtain replacement coverage.

Failure to provide correct and adequate proof of full insurance coverage will result in a Motion to Dismiss the case.

6. <u>Employee Information</u>

The debtor must provide the Office of United States Trustee a statement detailing the number of employees, total amount of the gross payroll per month, salary of officers, director and principals of the debtor, and a statement that the post-petition payroll is current, or if not current, the reason.

7. <u>Cash flow Projection</u>

The debtor must provide a six-month cash flow projection beginning with the first full month after filing and containing projected receipts, disbursements and cash balance for each month. For individuals, the Schedule of Current Income and Expenses (bankruptcy schedules I and J) will suffice unless it differs materially from month to month.

I. **GENERAL REQUIREMENTS FOR ALL CHAPTER 11 DEBTORS**

   A. Compliance with the law -- the debtor must comply with the Bankruptcy Code, the Bankruptcy Rules, Local Rules and any court order.

   B. Debts -- the debtor must pay all post-petition debts on a current basis.

   C. The debtor must serve the United States Trustee with a copy of any motion, application, request or adversary proceeding filed by the debtor with the Bankruptcy Court.

   D. It is the debtor's responsibility to notify the United States Trustee and the Bankruptcy Court in writing of any change of address or telephone number within ten (10) days after the change occurs.

   E. Employment and compensation of all Professionals (including attorneys, accountants, appraisers, auctioneers, real estate agents and other professionals) must have prior approval of the Court. No professional fees can be paid until the Court has approved the requested compensation by written Court Order.

II. **MONTHLY REPORTING INSTRUCTIONS**

The Office of the U. S. Trustee is unable to assist Chapter 11 debtors in the preparation of the Chapter 11 monthly reports other than to provide general instructions at the Initial Debtor Conference or to answer occasional general questions that may arise. We cannot provide specific advice in the preparation of these reports. If the debtor is unable to

-3-

US Trustee Exhibit 2
8/9/12
Case No. 12-60619
Page 3 of 6

fully and completely prepare the monthly reports, the debtor must contact counsel or other competent professionals for assistance.

A hard copy of the monthly operating report is required to be filed with the Office of the United States Trustee, **electronically** with the Clerk's Office of the United States Bankruptcy Court, and the Chair of any creditors' committee appointed to serve in the case, by the 15th day of each succeeding month and are to cover the preceding calendar month.

The contents of the monthly report depends upon the debtor's business status and accounting basis, whether cash or accrual.  At the initial debtor conference a determination will be made by the U.S. Trustee regarding the form of the monthly operating report.  **No exception to the reporting requirements shall be made except in writing signed by the U.S. Trustee.**   In any event, copies of all bank statements are to be attached to each monthly report.

The debtor is responsible for reporting to our office the accrual of professional compensation and expenses every month.  If you don't receive a bill each month from your professionals, you must contact them to get this amount so that it can be reported in the monthly report.  Professionals are required to keep track of the time spent in your case, so this should not present a problem.  Both the Large Business Debtor Monthly Report (accrual form series 9) and the Small Business Debtor Report have exhibits that deal with this.  See page 3 of the Small Business Debtor Report and Exhibit 9-AB-6 for the Large Business Debtor Report. We use this information to ensure that sufficient funds are generated to cover administrative and operating expenses, as well as determining sufficient funds exist to fund your plan.

Upon written authorization from our office, computer or otherwise prepared Balance Sheets, Income Statements, Disbursements Ledgers, and Cash Reconciliation Reports may be substituted. In the event that use of the debtor's in house balance sheet has been authorized, post-petition liabilities and earnings (losses) must be broken out separately.

The debtor must provide a schedule of all post-petition obligations.  Post petition debts must be paid on a current basis.

Trust fund withholdings are those monies which the employer (debtor) does not own, but, you as a fiduciary must withhold, collect and deposit for the benefit of the Internal Revenue Service or State Taxing Authority.  They include employees' federal income taxes, employees' portion of FICA, sales taxes, etc.  It is not permissible to take any amounts from those funds to be used as a source of ready cash. Trust fund and withholding taxes must be paid or deposited on the same day as paying any portion of compensation to the employee. Evidence of payment or deposit of these taxes must be provided with each monthly operating report.  The tax liability must be paid by the end of each month.  Such evidence must be a receipted copy of IRS Form 6123 (enclosed), or a bank receipted copy of the invoice coupon and check.  The evidence of deposit must show the gross salaries, deductions, net pay, amount of deposit, and pay period.

Additional reports may be required in supervising the administration of the estate.

All disbursements must be made by check and disbursements by cash (currency) are prohibited.  The payee name must appear on the face of the check.  The check cannot be made payable to cash.

-4-

US Trustee Exhibit 2
8/9/12
Case No. 12-60619
Page 4 of 6

Failure to comply with United States Trustee requirements or failure to file timely and complete reports may result in a motion for conversion or dismissal of the bankruptcy case.

### III.  FIRST MEETING OF CREDITORS

**The Chief Executive Officer and the person(s) who signed the schedules, and the other employees generally responsible the debtor's financial affairs are all required to personally appear at the scheduled Section 341 meeting of creditors.**

### IV.  U.S. TRUSTEE QUARTERLY FEE

Section 1930(a)(6) of Title 28 of the United States Code requires that all debtors in Chapter 11 Bankruptcy proceedings pay a quarterly fee for each quarter or fraction thereof until the case is closed by court order[1], or otherwise dismissed or converted to another chapter.  Pursuant to Section 213 of Title II, Division B, Consolidated Appropriations Act, 2008, (P.L. 110-161), the chapter 11 quarterly fee schedule established by 28 U.S.C. §1930(a)(6) is amended effective January 1, 2008.  The following chart displays the revised quarterly fee schedule for calendar quarters beginning January 1, 2008.

The amount of the fee varies depending upon the amount of money disbursed by or on behalf of the debtor during the calendar quarter.  A minimum fee of $325.00 is due each quarter even if no disbursements are made.  The fee schedule is as follows:

| Total Quarterly Disbursement | Quarterly Fee |
|---|---|
| $0 to $14,999.99 | $325 |
| $15,000 to $74,999.99 | $650 |
| $75,000 to $149,999.99 | $975 |
| $150,000 to $224,999.99 | $1,625 |
| $225,000 to $299,999.99 | $1,950 |
| $300,000 to $999,999.99 | $4,875 |
| $1,000,000 to $1,999,999.99 | $6,500 |
| $2,000,000 to $2,999,999.99 | $9,750 |
| $3,000,000 to $4,999,999.99 | $10,400 |
| $5,000,000 to $14,999,999.99 | $13,000 |

US Trustee Exhibit 2
8/9/12
Case No. 12-60619
Page 5 of 6

---

[1]/

**NOTICE**

DISCLOSURE OF INTENT TO USE TAXPAYER IDENTIFYING NUMBER FOR THE PURPOSE OF COLLECTING AND REPORTING 1. 1. DELINQUENT QUARTERLY FEES OWED TO THE UNITED STATES TRUSTEE PURSUANT TO 28 U.S.C. §1930(a)(6).

Please be advised that, pursuant to the Debt Collection Improvements Act of 1996, Public Law 104-134, Title III, § 31001(i)(3)(A), 110 Stat. 1321-365, codified at 31 U.S.C. § 3701, the United States Trustee intends to use the debtor's Taxpayer Identifying Number ("TIN") as reported by the debtor or debtor's counsel in connection with the chapter 11 bankruptcy proceedings for the purpose of collecting and reporting any delinquent debt, including chapter 11 quarterly fees, that are owed to the United States Trustee.

The United States Trustee will provide the debtor's TIN to the Department of Treasury for its use in attempting to collect overdue debts.  Treasury may take the following steps:  (1) submit the debt to the Internal Revenue Service Offset Program so that the amount owed may be deducted from any payment made by the federal government to the debtor, including but not limited to tax refunds; (2)  report the delinquency to credit reporting agencies; (3)  send collection notices to the debtor;  (4)  engage private collection agencies to collect the debt; and (5)  engage the United States Attorney's office to sue for collection.  Collection costs will be added to the total amount of the debt.  If the United States is unable to collect the full amount of any debt owed on a debtor's quarterly fee obligation, an I.R.S. Form 1099-C (Cancellation of Debt) will be filed with the Interal Revenue Service as required by law.

    $15,000,000 to $29,999,999.99    $20,000
    $30,000,000 or more    $30,000

The fee is due on the last day of the month following the calendar quarter. **If the fee is not received in the payment center by that date, a motion to convert the case to a liquidating case under chapter 7, or to dismiss the case, may be filed.**

A preprinted filing report will be mailed to the debtor from the U.S. Trustee Charlotte Office by the 15th of the month following the quarter end. This form is to accompany payment for each quarter. If payment is made for multiple quarters by one check, prepare and mail the Report for each quarter along with your check. If you fail to receive the preprinted report in the mail, you are still responsible for paying the fee. Report forms can be obtained from the United States Trustee's office.

A Plan of Reorganization must provide for payment of all unpaid quarterly fees as of the effective date of the Plan or it cannot be confirmed by the Court. In addition, all unpaid quarterly fees must be paid prior to entry of any order dismissing a case. Failure to pay the quarterly fee is cause for conversion or dismissal of the case.

The mailing address for quarterly fee payments is:

U.S. Trustee Payment Center
P.O. Box 530202
Atlanta, GA 30353-0202

V    **TAX RETURNS**

The debtor must file on time all required tax returns, including but not limited to income, withholding and sales tax.

VI    **U.S. TRUSTEE CONTACT PERSON**

The monthly reports and any general questions relating to them should be addressed to:

Margaret K. Garber
210 First Street, Suite 505
Roanoke, VA 24011
Telephone number: 540-857-2806
E-mail address: Margaret.K.Garber@USDOJ.gov

Legal questions must be addressed to your attorney.

                    W. CLARKSON McDOW, JR.,
                    United States Trustee for Region 4

US Trustee Exhibit 2
8/9/12
Case No. 12-60619
Page 6 of 6