UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| KAREN M. FOSTER, ) | |
| ) | Case No. 12-60619 |
|     Debtor. ) | |
| ) | |
| W. CLARKSON MCDOW, JR., ) | |
| United States Trustee For Region Four, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| KAREN M. FOSTER, ) | |
| ) | |
|     Respondent. ) | |

**ORDER DISMISSING CASE AND BARRING THE DEBTOR FROM FILING A NEW BANKRUPTCY CASE FOR 180 DAYS**

The matter before the Court is the *Motion To Dismiss Case And Prohibit The Debtor From Filing A New Bankruptcy Case For 180 Days* [Docket No. 103] (as amended by Docket No. 105, the "Motion") filed on behalf of W. Clarkson McDow, Jr., United States Trustee for Region Four. Having conducted a hearing on the Motion, and with the consent of the parties, the Court finds that:

1. the Debtor does not oppose the relief requested in the Motion;

2. jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334;

3. venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

4. this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 15, 2012;

1

6. the Debtor attended an initial debtor interview on March 28, 2012, at which time a representative of the United States Trustee met with the Debtor and explained to her, among other things, the requirements to file monthly operating reports and pay quarterly fees;

7. since October 25, 2001, the Debtor has filed 4 bankruptcy cases, case numbers 02-04312, 03-00348, 03-03854, and 12-60080 that have been dismissed without the Debtor receiving a discharge;

8. in connection with the dismissal of case number 03-03854, the Debtor was barred from filing a new bankruptcy case for 180 days;

9. the Debtor received a chapter 7 discharge on January 18, 2008, in connection with case number 07-61731;

10. prior to the filing of this case, a creditor conducted a foreclosure sale of 2232 Ridgewood Drive, Lynchburg, Virginia 24503;

11. prior to the filing of this case, the Debtor was involved in eviction proceedings regarding 2232 Ridgewood Drive, Lynchburg, Virginia 24503;

12. the Debtor filed this case to stop the eviction proceedings relating to 2232 Ridgewood Drive, Lynchburg, Virginia;

13. the Debtor was residing and working in North Carolina on the petition date;

14. the creditor that foreclosed on 2232 Ridgewood Drive, Lynchburg, Virginia has obtained possession of the house;

15. on March 6, 2012, the Court entered a Debtor-In-Possession Order in this case that, among other things, requires the Debtor to "follow all guidelines, regulations and directives of the Office of the United States Trustee pertaining to Chapter 11 cases including, but not limited to, payment of the required quarterly fees";

16. The Debtor has not paid the quarterly fees for the 1st and 2d quarters of 2012 and she currently owes not less than $650.54 in quarterly fees;

17. the Debtor is required to file monthly operating reports by the 15th day of each succeeding month and are to cover the preceding calendar month;

18. the Debtor has not timely filed operating reports for June or July 2012;

19. the Debtor, although represented by Gary M. Bowman, never filed an application to employ counsel;

20. according to the May 2012 operating report, the Debtor incurred $18,500.00 in unpaid debts since the filing of this case;

21. according to the operating reports filed with the Court, the Debtor's total income received between March 1, 2012, and May 31, 2012, has been $4,610.11;

22. the Debtor has an interest in income being received from Leland and Stephanie Robertson;

23. the Debtor has an interest in a Mitsubishi Diamante;

24. the Debtor did not schedule the income received from Leland and Stephanie Robertson;

25. the Debtor did not schedule her interest in the Mitsubishi Diamante;

26. the Debtor did not upload a complete list of creditors with the filing of the petition;

27. the Debtor never filed a notice of amendment to creditors' matrix; and

28. cause exists to dismiss the Debtor's case.

It is accordingly

**ORDERED**

that the Motion is GRANTED and the Debtor's case is dismissed with prejudice.  It is further

**ORDERED**

that the Debtor is barred from filing a new bankruptcy case for 180 days from the entry of this Order.  It is further

**ORDERED**

that within 5 business days of the entry of this Order, Mr. Bowman shall mail copies of this Order to all entities listed in the Debtor's Schedules D-G that were not on the mailing matrix maintained by the Clerk as of August 15, 2012, and promptly file a certificate of service with the Court.

The Clerk is directed to send copies of this Order to all entities listed on the creditors' matrix.

ENTER:  9/24/2012

_____
United States Bankruptcy Judge

REQUESTED:
United States Trustee
By: /s/ W. Joel Charboneau
Office of The United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov

SEEN:
KAREN M. FOSTER
By: /s/

SEEN:
GARY M. BOWMAN
By:/s/  Gary M. Bowman (by W. Joel Charboneau with permission)
2728 Colonial Ave., Ste. 100
Roanoke, VA 24015
(540) 343-1173